People of the State of Illinois, Plaintiff-Appellee, v. Clarence Sledge (Impleaded), Defendant-Appellant.

Gen. No. 50,031.

First District, Fourth Division.

April 7, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Clarence Sledge, the defendant, was convicted of robbery in a jury trial in the Criminal Division of the Circuit Court of Cook County and sentenced to three to seven years in the Illinois State Penitentiary. The defendant was tried before a jury at the same time as his codefendant, Jackson, was tried in a bench trial. A summary of the testimony of all the witnesses is set out in People v. Jackson, 71 Ill App2d 293, — NE2d —, which opinion was handed down this same day.

In his brief the defendant, Sledge, admits that there was sufficient evidence adduced at the trial to warrant the jury's verdict of guilty. He urges in this court that the judgment should be set aside on the ground that he did not receive a fair trial. He objects (1) that the prosecutor made prejudicial remarks in the presence of the jury; (2) that it was error to introduce into evidence defendant's prior conviction of a crime in another state which was not classified as an infamous crime under the Illinois statute; and (3) that the court erred in refusing a cautionary instruction offered by the defendant.

The first objection of the defendant relates to that portion of the trial when he was testifying in his own behalf. He had testified without objection on direct examination that one of the arresting officers had struck him with his fist. The prosecutor cross-examined him with respect to that phase of his testimony and adduced testimony that Officer Scanlan had struck the defendant with his fist in the mouth and in the eye. Then the prosecutor asked him which eye; the defendant indicated and stated that there was a Cook County Jail I. D. card which would prove he was struck in the eye. Then the following occurred:

Q. That is what I was going to show you.
A. He hit me in the right eye, there, it's black.
Q. That eye is?
A. Yes.

The State's Attorney then asked: Would you stipulate to have this go to the jury?

The Court: If you want to enter into a stipulation, talk about it outside the presence of the jury.

The State's Attorney then asked the following:

Q. That is the evidence here, this picture—

Sledge answered: That is where he hit me in the eye.

Counsel for Sledge then objected and the court sustained the objection.

The State's Attorney stated: I am through with this witness; want to stipulate to the card?

At that time counsel for Sledge moved for a mistrial, which motion was denied by the court.

The defendant argues that since the I. D. card was not introduced in evidence the record does not reflect whether or not it was impeaching, and that by inviting defense counsel to stipulate to the I. D. card in the presence of the jury without first showing it to him, the Assistant State's Attorney had placed counsel for defendant in a compromising position. However, there was no indication that the State did not show the card to Sledge's counsel, and it seems from the record that Sledge had seen the card during the examination. In support of his position the defendant cites Cohen v. Weinstein, 231 Ill App 84, where in a civil case during cross-examination the appellee's counsel refused to allow appellant's counsel to see a written statement from which appellee's counsel appeared to be cross-examining a witness. In its opinion the court recited the rule that the witness was entitled to see the statement and the court concluded that if the witness had the right to see the statement it followed that his counsel had the same right. The court said:

"Fairness would seem to require opposing counsel to submit the statement to the witness' counsel after it had been shown to the witness. . . . In the somewhat analogous practice of using memoranda and documents for the purpose of refreshing the recollection of a witness, the opposite party is entitled to see

them. . . . [The] counsel for appellant was entitled to see the statement."

In that case the court did not reverse on this point, however, nor did it indicate that it was prejudicial error which would require a reversal. The case was reversed on the ground that the verdict was manifestly against the weight of the evidence, and that serious errors occurred in the giving of certain instructions.

The defendant also cites People v. Rothe, 358 Ill 52, 192 NE 777; however, in that case the Supreme Court took the view that the defendants did not have a fair trial because of the attitude of the trial court which was regarded as highly prejudicial. The court pointed out that the prosecution in that case was permitted to prove by an officer that the defendants refused to make a statement at the police station, that the refusal had no tendency either to prove or disprove the charge against them, and that the admission of such evidence was prejudicial.

■■ In the instant case the prosecution was offering to stipulate to an I. D. card which had first been brought into the case and to the knowledge of the jury by the defendant himself. From a reading of the entire record it does not appear that the conduct of the prosecution amounted to reversible error. The doctrine of harmless error still exists in Illinois.

The defendant further argues that he was prejudiced when the prosecution introduced into evidence the fact that he had been convicted of a crime when such crime was not considered infamous as defined by Chapter 38, section 124–1, and Chapter 51, section 1, Illinois Revised Statutes 1963. In the instant case the defendant's conviction for the crime of attempted breaking and entering an automobile in another state was brought to the attention of the jury. The record shows, however, that such information went to the jury as a result of direct testi-

mony by the defendant himself and later by a stipulation between the prosecution and the defense, which stipulation is set out in full in People v. Jackson, supra.

■ It is well established that a defendant cannot on review object to testimony which he himself introduced, nor can objections not presented for the trial court to rule on be asserted for the first time in a court of review. People v. Scott, 63 Ill App2d 232, 211 NE2d 418; and People v. Swets, 24 Ill2d 418, 182 NE2d 150. The defendant cites and relies on People v. Kirkpatrick, 413 Ill 595, 110 NE2d 519, where a conviction of an offense which was not an infamous crime was brought before the jury. However, in that case the defense immediately objected and so preserved the point for appeal. That case is not applicable here, nor is defendant's argument that in order to have a waiver there must be a waiver by defense counsel, together with a specific waiver by the defendant. There is no question but that defense counsel was competent, and where a competent counsel represents a defendant it is his duty to object on behalf of his client to evidence which he considers improper. When no objection is made the point is waived.

■ The third argument raised by the defendant is that the following instruction offered by him was refused:

> "Statement of a witness as to verbal admissions of a defendant should be received by the jury with great caution, as such evidence is subject to imperfections and mistakes, and it is only when such admissions are deliberately made and precisely identified that the evidence afforded by them is of a satisfactory character."

The defense tendered this instruction in order to caution the jury with reference to Detective Robbins' testimony that the defendant had admitted his participation in the

290

robbery. However, the following instructions tendered by the State were given:

"The Court instructs the jury that the jury are the sole judges of the credibility of the witnesses. In judging the credibility of the witnesses in this case, you should carefully scrutinize the testimony given, and in doing so, you may consider all the circumstances under which any witness has testified, his demeanor and manner while on the stand, his interest, if any, in the outcome of the case, the relations which he bears to the State or to the defendant, the manner in which he might be affected by the verdict, and the extent to which he is contradicted or corroborated by any other credible evidence.

"The jury are the sole judges of the facts in the case, the credibility of the witnesses, and the weight to be given to their testimony. And, in anything that the court may have said throughout the trial or anything that the court may say in the instructions, the court has not intended and does not now intend to express any opinion upon the facts of the case, upon the credibility of the witnesses, or the weight to be given to their testimony."

The court also gave the two following instructions tendered by the defense:

"The Court instructs the jury that they are not bound to believe anything to be a fact simply because a witness has stated it to be a fact, provided the jury believe from all the testimony that such witness is mistaken or has testified falsely; you will not indulge in a speculation or supposition concerning what any witness might have testified to; you will determine this case only according to the evidence before you and nothing else.

"It is for the jury to determine from all the evidence in the case, what weight or credibility should be given to any alleged confession made by the defendant."

The court's ruling was not in error. It has been repeatedly held that instructions calling particular attention to certain portions of the evidence are improper. In Geohegan v. Union El. R. Co., 266 Ill 482, 107 NE 786, the Supreme Court held that certain instructions were properly refused, and said:

"These instructions called particular attention to certain portions of the evidence. They isolated a fact and called the attention of the jury to it. This court has repeatedly held such instructions objectionable. [Citing cases.]"

It is also the rule that instructions which are repetitious should not be given. In Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449, it is stated:

"A rule of law once clearly stated to the jury is enough and should not be repeated. Nor should the court give instructions which lay undue stress upon particular matters. 35 ILP Trial, secs 193, 199."

In the instant case the instructions fairly and clearly state the law and are sufficient. The judgment of the Criminal Division of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.