. (No. 37577.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD WYNN JOHNSON, Plaintiff in Error.

*Opinion filed September 27, 1963.*

DONALD WYNN JOHNSON, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and RICHARD STENGEL, State's Attorney, of Rock Island, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and PETER DENGER, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Donald Johnson, pleaded guilty in the circuit court of Rock Island County to an indictment charging him with the crime of murder. Judgment was entered on the plea and the defendant was sentenced to the penitentiary for a term of 30 years. A writ of error has been issued to review the conviction.

The defendant contends that the admonishment by the court failed to comply with the requirements set forth by statute and Rule 26 of this court. (Ill. Rev. Stat. 1961, chap. 38, par. 732; chap. 110, par. 101.26.) These provisions require that the court shall not permit a plea of guilty unless the court finds, from proceedings held in open court, that the accused understands the nature of the charges against him and the consequences of his plea of guilty. The record shows that the defendant was represented by counsel of his own choice at the time of his plea of guilty,

Counsel stated to the court that the defendant desired to waive his right to trial by jury and enter a plea of guilty, following which the defendant entered a plea of guilty. The defendant told the court that he had conferred with his attorney and that his attorney had explained his rights to him. The court asked the defendant if he understood that he was entitled to a trial by jury or a trial by the court and that in either case the State would have to prove its case against him beyond a reasonable doubt and the defendant replied in the affirmative. The court then asked the defendant if he knew the limits of the sentence which the court could impose and the defendant replied that he understood that the term of imprisonment could run from 14 to 199 to life or the chair. The court asked the defendant if he understood that the sentence could be any term of years more than 14 and the defendant replied that he understood this. The court then asked the defendant whether his plea of guilty was made of his own free will and whether any threats had been made to him. The defendant replied that he was entering his plea of his own free will and that no threats had been made. The court asked the defendant if he understood that no one had the authority to promise him anything that was binding on the court and the defendant replied that he understood. The court then accepted the plea of guilty and entered judgment on the plea. In our opinion the admonishment by the court was sufficient to adequately advise the defendant of the consequences of his plea.

The defendant also contends that he was not afforded a proper hearing in mitigation and aggravation. Specifically, he complains that he was not confronted by the witnesses against him, that there was no stipulation as to the evidence, and that in the absence of any evidence the defendant was deprived of the chance that the court would find him guilty of manslaughter rather than murder. By pleading guilty the defendant admitted all of the facts

534

charged in the indictment and it was not necessary for the State to offer any proof. There is no showing that the defendant was deprived of the right to witnesses at the hearing and the fact that there was no sworn testimony or stipulation affords no basis for a reversal of the judgment. The function of a hearing in mitigation and aggravation is to enable the court to determine the extent of the sentence and is not designed to prove the defendant's guilt. The contention that upon a trial the evidence might have indicated that the defendant was guilty of the crime of manslaughter rather than murder is irrelevant here, for the defendant's plea of guilty waived his right to a trial and the defendant's guilt of the crime of murder was no longer in issue.

We find from the review of the record that all of the rights of the defendant were protected; that his plea of guilty was properly accepted by the court; and that there was no error in the proceedings at the hearing in mitigation and aggravation. The judgment of the circuit court of Rock Island County is therefore affirmed.

*Judgment affirmed.*