THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK DZIELSKI, Defendant-Appellant.

(No. 70-10;

Second District—November 25, 1970.

582

Nicholas T. Kitsos, of Chicago, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Kenneth M. Clark, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE DAVIS delivered the opinion of the court:

The defendant, Frank Dzielski, plead guilty to the charge of forgery. On appeal, he contends that the indictment did not state an offense; that his post-trial motion, although not filed within 30 days following the entry of a verdict or finding of guilt, was timely filed; that the trial court erred in refusing to grant a hearing on the post-trial motion; and lastly, that the sentence of from two to six years was excessive.

Count 2 of the indictment charged that the defendant, also known as Edward P. Davis, on February 7, 1969, in Lake County, Illinois, "committed the offense of forgery, in that he, with the intent to defraud, he knowingly delivers to the First National Bank of Waukegan, * * * a check dated February 4, 1969, made payable to Edward P. Davis in the sum of Four Hundred Eighty Dollars ($480.00), drawn on The First National Bank of Waukegan, * * * and the said check is apparently capable of defrauding another in such manner that it purports to have been made by and to have been signed as drawer by Marjorie Porter and the said Frank T. Dzielski a/k/a Edward P. Davis knowing that the said check to have been made and to have been signed as drawer by another other than Marjorie Porter, in violation of Chapter 38, Section 17-3, Illinois Revised Statutes of 1967; * * *."

■■ In order to confer jurisdiction upon the court, an indictment must be sufficient to enable the defendant to prepare his defense, and to sustain a plea of judgment in bar to any further prosecution for the same offense. (*People ex rel. Miller v. Pate* (1969), 42 Ill.2d 283, 285; *People v. Peters* (1957), 10 Ill.2d 577, 580.) If the indictment is not sufficient to charge an offense, a judgment of conviction may not be upheld even though on a plea of guilty; and such defect may be raised for the first time on appeal. *People v. Minto* (1925), 318 Ill. 293, 296; *People v. Billingsley* (1966), 67 Ill.App.2d 292, 299, 300.

Section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 111—3(a)), prescribes the manner of charging an offense. It provides that the charge shall be in writing; that it must

state the name of the offense; cite the statutory provision supposedly violated; set forth the nature and elements of the offense; state the time and place of the offense as nearly as can be done; and state the name of the accused, if known.

Sections 17—3(a)(1),(2) and (3) of the Criminal Code defines the offense of forgery as one committed by a person, when, with intent to defraud, he knowingly:

"(1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or

(2) Issues or delivers such document knowing it to have been thus made or altered; or

(3) Possesses, with intent to issue or deliver, any such document knowing it to have been thus made or altered." Ill. Rev. Stat. 1969, ch. 38, par. 17—3(a)(1), (2) and (3).

■■ The indictment in this case depicts the forged instrument by a "purport description," or in narrative form. If it explicitly identifies and describes the instrument, it is not necessary that there also be a "tenor description." *People ex rel. Miller v. Pate, supra* 287.

■■ The indictment here describes the check as being dated February 4, 1969, made payable to Edward P. Davis in the sum of $480,000, drawn on The First National Bank of Waukegan, and purportedly made and signed as drawer by Marjorie Porter. This description is sufficient. The number of the check and the color, the number of the account or other descriptive features, are not necessary to explicitly identify the check in question.

■■■ The contention of the defendant that the indictment is defective because it makes no mention of the unlawfulness relating to the signature of the purported drawer is without merit. He argues that the signature may have been made with the consent of Marjorie Porter, and that the indictment requires one to presume that Marjorie Porter did not give her consent. In this regard, we think that the indictment was sufficient in charging that the check purports to have been signed by Marjorie Porter, as drawer, and that the defendant knew the check was made and signed by another. The charge was in the language of the statute, and set forth the essential elements of the offense sufficiently to inform the defendant of the charges against which he must defend, and to bar a second prosecution for the same offense. The old requirement of pleading technicalities in an indictment, has yielded to the command that the substance of the charge be stated. (*People ex rel. Miller v. Pate, supra* 287, 288; *People v. Billingsley, supra* 299. Whether the various require-

ments of Section 111-3(a) of the Code of Criminal Procedure are met, must be determined by the substance of the charge and not by the technicalities of its language. (*People v. Billingsley, supra.*) We believe that the indictment charged an offense.

The defendant entered his plea of guilty on June 30, 1969, and judgment was entered on the plea on that date. The hearing in aggravation and mitigation and with respect to probation was set for July 24, 1969, and on that date, the court sentenced the defendant to the penitentiary for a term of from three to six years, and denied his application for probation. The defendant moved for and was granted a stay of execution and mittimus. On August 5, 1969, he filed his motion for a new trial and for other post-trial relief. Thus, this motion was filed more than 30 days after the judgment of guilt was entered.

The trial court did not conduct a hearing on the defendant's motion in that it was not filed within 30 days from the date of conviction. Consequently, the trial court made no finding on the issue of the voluntariness of the plea, but the court subsequently reduced the defendant's sentence from three to six to two to six years. The defendant began to serve his term in the penitentiary in August, 1969.

■■ Sections 116—1(b) and 116—2(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, pars. 116—1(b) and 116—2(a)), relating to motions for a new trial and in arrest of judgment, both provide that such motions "shall" be filed within 30 days following the entry of a verdict or finding of guilty. The Committee Comments indicate that the time limitations were newly imposed by the Code. We believe that the limitations as to time are mandatory and not directory. Generally, where a court has entered a judgment in a cause in the absence of circumstances justifying relief from that judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), a valid judgment cannot be opened, vacated or set aside by the court in which it was entered after the expiration of 30 days from its rendition. *People v. Lewe* (1942), 380 Ill. 531, 535; *People v. Rudecki* (1923), 309 Ill. 125, 131.

■■ The defendant's post-trial motion, however, charged that the guilty plea had been obtained by virtue of an unfulfilled promise of the State to recommend probation for the defendant. While the hearing for and the denial of probation occurred within the 30-day time limit, and the defendant could have filed a timely motion, yet, even under such circumstances, our courts have dealt harshly with the State when it appears that the prosecutor has failed to fulfill his promise of a reduced sentence or probation. (*People v. Riebe* (1968), 40 Ill.2d 565, 568.) Under such facts, our courts have held that such conduct deprives the guilty plea of its voluntary character and renders it void. A conviction

based upon such a plea is violative of due process and is open to collateral attack. (*People v. Washington* (1967), 38 Ill.2d 446, 449, 450.) A void judgment can be impeached at any time, whenever a right is claimed under it. (*Simmons v. Hefter* (1923), 308 Ill. 292, 293.) Consequently, we will consider the allegations of the post-trial motion with reference to the involuntariness of the defendant's plea of guilty.

■■■ The answer of the State to the post-trial motion denied these allegations relating to the promise of probation. The issues thus formed went beyond the record, and would have required an evidentiary hearing had the motion been timely filed. (*People v. Sigafus* (1968), 39 Ill.2d 68, 70.) These issues could be appropriately raised in a post-conviction hearing after confinement. *People v. Kessler* (1969), 41 Ill.2d 501; *People v. Sigafus, supra;* Ill. Rev. Stat. 1969, ch. 38, par. 122—1, *et seq.*

■■■ Under the circumstances of this case, and in the light of the judicial concern in all cases that a defendant be permitted to withdraw his plea when the record shows it was entered through misapprehension of the law or the facts, or where the ends of justice will be best served by submitting the case to the jury (*People v. King* (1954), 1 Ill.2d 496, 500, 501), we believe that a hearing should be held on the question of the voluntary character of the plea. Even though this matter could be raised in a post-conviction hearing, we believe that it should be determined in this proceeding; that the technicality of an improper procedure should be waived to expedite the determination of this issue; and that the ends of justice require that a hearing be held in the trial court on the question of the voluntariness of the defendant's plea.

The defendant also contends that the penitentiary sentence of from two to six years is excessive and should be reduced. The range of penalty permitted by statute is a fine not to exceed $1,000 or imprisonment in the penitentiary from one to fourteen years, or both. We recognize that this court has the power, on appeal, to reduce the punishment imposed by the trial court. Supreme Court Rule 615(b)(4); Ill. Rev. Stat. 1969, ch. 110A, par. 615(b)(4).

The hearing in aggravation and mitigation suggests some unfortunate incidents which may have lead the defendant to his ill-advised course of conduct; and that he has had some past problems indicating that this unlawful course of conduct was not previously unknown to him. Yet, the evidence of his surroundings at the time of this incident, indicates that health and financial setbacks may have caused him to take an action which he would not otherwise have taken; and that his family surroundings might well mitigate against similar conduct in the future.

■■■ The trial court heard and saw the witnesses; it determined the credibility and weight of their testimony. In the light of its determination,

it imposed a punishment upon the defendant within the limits prescribed by the legislature. Our power to reduce a sentence should be applied with considerable caution and circumspection. (*People v. Taylor* (1965), 33 Ill.2d 417, 424; *People v. Juve* (1969), 106 Ill.App.2d 421, 428, 429.) We do not believe that the penalty imposed constitutes a departure from the fundamental law and its spirit and purpose, or that it is manifestly in excess of the proscription of section 11 of Article II of the Illinois constitution.

Consequently, we find no abuse of discretion by the trial court in imposing the sentence in question. Thus, the cause must be reversed and remanded for a hearing on the defendant's motion regarding the voluntariness of his plea of guilty. If the plea is found to be voluntary, then the defendant should be resentenced; if found to be involuntary, he should be permitted to withdraw his plea of guilty, and the case should then be heard on its merit.

Reversed and remanded with directions to proceed not inconsistent with the views expressed herein.

Reversed and remanded, with directions.

ABRAHAMSON and SEIDENFELD, JJ., concur.