THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. DANIEL H. MOATS, Defendant-Appellant.

(No. 72-19;

Third District—December 15, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

James Moreno, Assistant State's Attorney, of Galesburg, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Daniel H. Moats plead guilty to the charge of forgery and was sentenced to a term of 1 to 5 years by the Circuit Court of Knox County. On this appeal he contends that the information did not state an offense.

The information for Forgery charged that the defendant, on the 18th of June, 1971, in Knox County, Illinois, "did feloniously, falsely and knowingly, with intent to defraud, falsely make and forge the check of Hank & Mike Speer, Auto Mechanics, Inc., of Yates City, Illinois, drawn on the Bank of Yates City, Illinois, which he passed at Home Savings and Loan Association, Galesburg, Illinois, with intent then and there to prejudice and defraud said Bank of Yates City, Illinois, in violation of paragraph 17—3 ch. 38, Illinois Revised Statutes * * *."

As described in the information the document would appear as follows: (Our reconstruction)

BANK OF YATES CITY, YATES CITY, ILLINOIS

Pay to the Order of_____ $_____

_____DOLLARS

HANK & MIKE SPEER, AUTO MECHANICS, INC.

The information omits; the name of the payee and the amount; there was no "tenor description" *i.e.*, photocopy or facsimile of the check.

Section 111—3 (a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 111—3 (a) ), prescribes the manner of charging an offense. It provides that the "charge shall be in writing and allege the commission of an offense by (1) Stating the name of the offense; (2) Citing the statutory provision alleged to have been violated; (3) Setting forth the nature and elements of the offense charged; (4) Stating the date and county of the offense * * *; (5) Stating the name of the accused * * *."

We are concerned here with only (3) above, "Setting forth the nature and elements of the offense charged."

Section 17—3 (a) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 17—3 (a) ), defines the offense:

"(a) A person commits forgery when,
with intent to defraud,
he knowingly:
(1) Makes * * * any document *apparently capable of de-*

*frauding another* in such manner that it purports to have been made by another &ast; &ast; &ast; OR

(2) Issues or delivers such document knowing it to have been thus made &ast; &ast; &ast;." (Emphasis supplied.)

"The section involves no change in the former law of Illinois, codifying the decisions of the Illinois Supreme Court in several cases in regard to the common law and statutes on forgery in Illinois. (&ast; &ast; &ast; *People v. Ciralski*, 360 Ill. 554, 196 N.E. 733 (1935)—'Apparently capable' and other elements of forgery; &ast; &ast; &ast;." Committee Comments, S.H.A. ch. 38, Sec. 17—3.

*People v. Ciralski*, on page 559 says that the essential elements of forgery are a false making of an instrument in writing apparently capable of effecting fraud, together with a fraudulent intent. 19 I.L.P. Forgery, Sec. 2 states, "Forgery is the false making or alteration, with fraudulent intent, of an instrument apparently capable of effecting a fraud."

■■ Thus we see that the document made *must be apparently capable of defrauding another.* (*Goodman v. People*, 228 Ill. 154.) This is an essential element of the crime and must be set forth in some fashion in the indictment. (19 I.L.P. Forgery, Sec. 4.) *In People ex rel. Miller v. Pate*, 42 Ill.2d 283, the court discussed the history of pleading forgery offenses and reached the conclusion that a forgery indictment need not set out the instrument by an exact copy or typed facsimile in *haec verba* but could contain a purport description, narrative in style and describing the salient aspects of the instrument. The Court stated, "Although there is no tenor clause, the purport clause explicitly identifies and describes the instrument in narrative form, and charges the defendant in the language of the statute &ast; &ast; &ast;. As previously noted, the indictment recited that the defendant committed the offense in that he '&ast; &ast; &ast; altered a document capable of defrauding another,' &ast; &ast; &ast;."

Can it be said that the instrument as pleaded in the instant case is apparently capable of defrauding another? In *People v. Nichols*, 391 Ill. 565, no payee was named in the check as pleaded in the tenor clause. There the court reversed. As was said in *People v. Addison*, 75 Ill.App.2d 358, and again in *People v. Mustread*, 94 Ill.App.2d 440, "The instrument in Nichols would defraud nobody." In *Nichols* the court defined a check as follows:

"A check is defined as a draft or order upon a bank purporting to be drawn upon a deposit of funds, for the payment of funds of a *certain sum of money to a certain person named therein*, or to his order or to bearer. *Economy Fuse and Mfg. Co. v. Standard Electric Mfg. Co.*, 359 Ill. 504. An instrument is not a check if it does not appear from the face

of the paper to whom it is payable. *Equitable Trust Co. v. Harger*, 258 Ill. 615; *Geske v. State Bank of Heyworth*, 273 Ill.App. 214."

At the time of this decision (1946) the Negotiable Instruments Law was in effect, however, the Commercial Code adopts the definition of a check contained in Section 184 of the Illinois N.I.L. (See Illinois Code Comment to Paragraph (b) Subsection (2) of Sec. 3—104 of Uniform Commercial Code. (S.H.A. ch. 26, Sec. 3—104.) ) If the indictment merely sets out an instrument which is a nullity on its face, without any allegation showing how it could be made to act injuriously or fraudulently by reason of independent matter, no case is made. The same is true when the instrument is imperfect and incomplete * * *. 36 Am.Jur.2d, Forgery, Sec. 36.

Unless the instrument shows on its face that it is capable of defrauding, or such character is given it by extrinsic averments, forgery cannot be predicated upon it. *Goodman v. People, supra.*

■■ In the case at bar the described instrument by omitting the amount and the payee could not be a check and could not be a "document capable of defrauding another" unless extrinsic facts were averred giving it such character. We do not believe that the information charged an offense.

The People argue that I.P.I. Criminal Instructions 13.25 and 13.26 do not contain the requirement that the document be capable of defrauding another. They overlook the Committee Note on page 221 which states, "Whether a document is apparently capable of defrauding under Subsection (c) of the Section 17—3 is a question of law to be determined by the court and no instruction on this point is necessary."

The People further argue that they have set forth the elements of the offense in the language of the statute, citing *People v. Lee*, 48 Ill.2d 272, 269 N.E.2d 488. They certainly did not charge forgery in the language of the statute. (Compare *People v. Lanners*, 122 Ill.App.2d 290.) There was no allegation, as in the language of the statute, of "a document apparently capable of defrauding another * * *."

■■ The last argument of the People is that the whole record shows that the check, in fact, was for $300 and was made payable to Daniel H. Moats, the defendant. While the record is competent evidence in showing a former conviction as a plea in bar (*People v. White*, 267 N.E.2d 129), it cannot be used to test the sufficiency of a charge or to supply matters of substance which have been omitted. (*People v. Fore*, 384 Ill. 455; *People v. Powell*, 353 Ill. 582.) Before a court can acquire jurisdiction in a criminal case the accused must be charged with a crime by a formal and sufficient accusation and there can be no trial, conviction or punishment for a crime without a formal and sufficient accusation.

(21 I.L.P. Indictments and Informations, Sec. 2.) If the charge is not sufficient to charge an offense, a judgment of conviction may not be upheld even though on a plea of guilty; and such defect may be raised for the first time on appeal. *People v. Dzielski* (1970), 130 Ill.App.2d 581 264 N.E.2d, 426.

For the foregoing reasons the judgment of the Circuit Court of Knox County is reversed.

Judgment reversed.

STOUDER, P. J., and ALLOY, J., concur.