The People of the State of Illinois, Plaintiff-Appellee, *v.* Paul Teichler, Defendant-Appellant.

(No. 72-215;

Second District—May 8, 1974.

Ralph Ruebner, Deputy Defender, of Chicago, for appellant.

Loren Golden, State's Attorney, of Mt. Carroll (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE L. L. RECHENMACHER delivered the opinion of the court:

Defendant waived counsel and indictment and pleaded guilty to a complaint charging forgery. The trial court sentenced him to 2 years' probation with the first 8 months to be served at the State Farm at Vandalia. The only point urged by defendant on appeal is that the complaint did not sufficiently identify the forged instrument as "an instrument apparently capable of defrauding another," thus depriving the

court of jurisdiction to accept a guilty plea and to enter a judgment of conviction.

The complaint charged that on February 22, 1972, defendant committed the act of forgery "in that Paul Teichler with intent to defraud, knowingly delivered two checks each dated February 22, 1972, payable to the order of cash for $29.00 with the name of Raymond Teichler as maker, knowing that said check [sic] to have been made such that it [sic] purported to have been made by authority of Raymond Teichler who did not give such authority; which is in violation of Chapter 38, Paragraph 17—3(2) of the Illinois Revised Statutes." [1]

■■ No copies of the instrument or instruments were attached. It is obvious that the complaint does not state that the checks were drawn on a bank or set forth the name of such bank. One of the essential elements of the offense of forgery is that the accused made "any document apparently capable of defrauding another in such manner that it purports to have been made by another  *  *  *." (Ill. Rev. Stat. 1971, ch. 38, par. 17—3(a)(1).) Defendant urges that the failure to set forth the name of a drawee bank renders the accusation insufficient because it could not be said that the instrument described in the complaint is "apparently capable of defrauding another".

The State argues that by labeling the instrument a "check" the complaint adequately alleged "a three party negotiable instrument capable of defrauding another" and that no more was necessary. However, it is apparent that the complaint identified only two parties to the instruments, i.e., the maker (Raymond Teichler) and the payee (cash). No third party (bank) is mentioned. The salient feature of a check would be the drawee bank and its name.

■■ In *People v. Nickols* (1945), 391 Ill. 565, 569, the court defined a check as follows: "A check is defined as a draft or an order upon a bank purporting to be drawn upon a deposit of funds, for the payment of a certain sum of money to a certain person named therein, or to his order or to bearer." In *People v. Moats* (1972), 8 Ill.App.3d 944, the court held that an information charging forgery which described a check identifying the bank and maker, but making no reference to a payee or amount, did not identify an instrument capable of defrauding another and reversed the conviction even though the defendant pleaded guilty. In *People v. Dzielski* (1970), 130 Ill.App.2d 581, 584, which holds in a forgery case that as long as the indictment "explicitly identifies and

---

[1] Even though defendant does not raise the point, we note that the complaint, after referring to two checks, does not make clear whether $29 represents the amount of each check or the aggregate sum of both, and that it then twice refers to "check" in the singular number.

describes the instrument" it is not necessary to set it out exactly, we said:

> "In order to confer jurisdiction upon the court, an indictment must be sufficient to enable the defendant to prepare his defense, and to sustain a plea of judgment in bar to any further prosecution for the same offense. [Citations.] If the indictment is not sufficient to charge an offense, a judgment of conviction may not be upheld even though on a plea of guilty; and such defect may be raised for the first time on appeal. [Citations.]"

We hold that the complaint did not sufficiently charge the offense of forgery and the judgment of conviction must, therefore, be reversed.

Judgment reversed.

T. MORAN, P. J., and GUILD, J., concur.