THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN GILMORE, Defendant-Appellant.

(No. 74-35;

Third District—April 30, 1975.

*Rehearing denied June 2, 1975.*

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Richard R. Wilder, State's Attorney, of Morris (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Norman Gilmore appeals from a conviction and sentence following a guilty plea to four counts of an information charging burglary and three counts charging forgery. Following plea negotiations, he was sentenced to concurrent terms of not less than 3 years nor more than 9 years. On appeal in this court defendant asserts that the informations charging forgery were insufficient to charge an offense for the reason that the name of the payee was omitted from the purported description of the bank check.

The counts in question described each check by naming the drawer, the maker, the drawee bank, specifying the amount of each check and alleging that the document was "capable of defrauding another." There was, however, omitted from the description in each forgery count, the name or existence of a payee. At the hearing on the plea of guilty, defense counsel stipulated to a statement of facts wherein it was noted that the payee for all three checks was one C. D. Davis. No copy or tenor facsimile of the checks appeared in or with the information.

On appeal in this court, defendant asserts that the information charging forgery of the checks is insufficient to state an offense in view of the fact that it omits the name or existence of a payee. Defendant accordingly asserts that the trial court lacked jurisdiction to either accept the plea of guilty or to impose any sanction. Other issues are raised on appeal which we need not discuss in view of our disposition of this cause.

█■ A plea of guilty admits the factual allegations contained in the indictment or information and thereby obviates the necessity of presenting supporting evidence (*People v. Johnson*, 28 Ill.2d 531, 193 N.E.2d 39). A plea of guilty generally waives, for the purposes of appeal, any nonjurisdictional defect (*People v. Dunn*, 52 Ill.2d 400, 288 N.E.2d 463). It is specifically noted, however, that the plea of guilty does not admit that the facts alleged in the indictment or information constitute an offense for which criminal sanction may be imposed. (*People v. Nickols*, 391 Ill. 565, 63 N.E.2d 759.) Such plea does not waive issues of a jurisdictional nature. (*People v. Gregory*, 59 Ill.2d 111, 319 N.E.2d 483.) In order to confer jurisdiction upon the court, the indictment or information must be sufficient to enable defendant to prepare a defense and it must state a criminal offense. (*People v. Minto*, 318 Ill. 293, 149 N.E. 241; *People v. Nickols*, 391 Ill. 565, 63 N.E.2d 759.) No conduct, consent or waiver of defendant can confer jurisdiction, in absence of an accusation which states an offense. If the information or indictment is not sufficient to state an offense, the conviction cannot stand, even where defendant voluntarily pleads guilty, and the defect can be raised for the first time on appeal. *People v. Nickols*, 391 Ill. 565, 63 N.E.2d 759; *People v. Powell*, 353 Ill. 582, 167 N.E. 419.

Section 111—3(a) of the Code of Criminal Procedure refers to the manner of charging an offense. (Ill. Rev. Stat. 1973, ch. 38, § 111—3(a).) It is specified therein that the indictment or information set forth the nature and elements of the offense, and that allegations therein be allegations of fact, not conclusions. *People v. Crosson*, 30 Ill.App.2d 57, 173 N.E.2d 552.

With respect to the offense of forgery, in the Criminal Code in section 17—3 (Ill. Rev. Stat. 1973, ch. 38, § 17—3) it is stated that a person commits the offense of forgery when he, with intent to defraud, knowingly:

"(1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or

(2) Issues or delivers such document knowing it to have been so made or altered; * * *."

It is contended by defendant that an instrument described as a check which fails to name a payee would not be a document capable of defrauding another and that, therefore, no criminal offense is alleged.

Our court in *People v. Moats*, 8 Ill.App.3d 944, 291 N.E.2d 285, held that an indictment charging forgery of a check which failed to state either a payee or an amount did not allege a criminal offense. We concluded that without an allegation showing how such an incomplete document was capable of defrauding another, no charge was stated. The same rule would apply to informations. The Second Appellate District of this State in *People v. Teichler*, 19 Ill.App.3d 292, 311 N.E.2d 422, held that a count charging forgery of a three-part check failed to state an offense where it omitted any reference to the drawee bank. The court in *Teichler* rejected the argument of the prosecution that the allegation that the forged document was a "check" was sufficient to allege that the document was capable of defrauding another. In both the *Moats* case and *Teichler*, the forgery convictions were reversed.

The State contends that both *Moats* and *Teichler* are incorrect in view of the trend away from formality traditionally embodied in criminal pleadings. This trend was noted in *People v. Jones*, 53 Ill.2d 460, 292 N.E.2d 361 (an armed robbery case), where the court stated (at 464):

> "This trend away from the formalism which characterized criminal pleading in the past is embodied in our section 111—5, as disclosed by the chief draftsman's commentary: 'The committee felt that the practical limitations should overcome the conceptual ones and provided for the efficient amendment of formal defects.' * * *

> The liberalization of criminal pleading also reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. * * * The primary safeguard of indictment * * * is to protect individuals from the caprice of the public prosecutor."

In *Jones*, the defendant was charged with armed robbery of one "Charles Mundy" when in fact the actual victim was "Delbert R. Mundy," the son of Charles Mundy. When the error was discovered, the prosecution moved to amend the indictment through section 111—5 of the Code of Criminal Procedure where amendments are permitted for formal or technical defects. The issue considered by the court was whether the misstatement of the first name of an armed robbery victim was merely formal, permitting an amendment without a dismissal, or whether such defect was so substantial as to require the court to quash the indictment.

The supreme court held that the defect was formal and permitted the amendment. There is nothing, however, in the *Jones* case which concludes that jurisdiction can be conferred with anything less than allegations of facts which state an offense.

■■ An indictment (or information) for a statutory offense must either set out the offense in the language of the statute or specifically set forth the facts constituting the offense. (21 I.L.P. *Indictments and Informations* (1956); *People v. Abrams,* 48 Ill.2d 446.) Whether or not the statutory language is sufficient depends on whether or not the language sufficiently particularizes the offense to notify the defendant of the precise charge against him. The State contends that a count which alleges that a document was a check and which specifically describes most of the salient features thereof, and omits only the payee or whether there was a payee, and which asserts that the document was "capable of defrauding another" is sufficient to charge an offense. The allegation that a document was capable of defrauding another we view as a conclusion, and that labeling the document as a "check" may give character to it but would not supply fundamental omissions.

While the record in fact reveals the payee of each check was C. D. Davis, this did not appear in the information in any manner. We also feel that the principles announced in *People v. Jones* should be employed to avoid technicality in indictments and informations. We also agree with the court in *People v. La Keta,* 10 Ill.App.3d 876, 879, where the court emphasized the technicality should not be employed in cases involving pleas of guilty. Certainly it is undesirable that technicality be employed to circumvent such plea. We should observe that defendant here was not prejudiced by the failure of the indictment for attempted burglary to include the additional allegation of "intent to commit a felony or larceny therein." Precedents, however, dictate a different conclusion as to the forgery charge.

■■ It is asserted by the State that an indictment should contain the name and type of document which is here described as a check and specifically recite that the document was "apparently capable of defrauding another" and if this assures the defendant that the State was alleging that defendant forged a completed instrument. This conclusion would be inconsistent with the precedent in *People v. Nickols* and in our own case of *People v. Moats,* as well as *People v. Teichler.* If in the present case there had been an assertion that the check did not name a payee but was delivered to be negotiated by filling in the blank left for the payee, so that in essence it became payable to the bearer, an instrument capable of defrauding might have been properly alleged. The recitals in the information filed, however, did not describe a completed check or

document which would be capable of defrauding another on the basis of the precedents in *Nickols, Moats* and *Teichler*. In *People v. Nickols*, 391 Ill. 565, 569, the court in fact defined the check as "a check is defined as a draft or order upon a bank purporting to be drawn upon a deposit of funds, for the payment of a certain amount of money, to a certain person named therein, or to his order or to the bearer." The information which was set forth in the present case does not specifically describe a check as described in *Nickols*. In view of the fact that the supreme court also denied petition for leave to appeal in *People v. Teichler*, we detect no intention on the part of the supreme court to modify the conclusion in *People v. Nickols* or in *Moats* or in *Teichler*.

■■■ It is particularly unfortunate in the case before us since the record in this case shows in fact that the check was payable to C. D. Davis and was in fact negotiated by the defendant who pretended to be C. D. Davis. In our role, as a court of review, we cannot fail to adhere to principles established by our supreme court as to the requirements of an indictment or information involving forgery of a check. We must, therefore, conclude that, in absence of a contrary direction by the supreme court, that the information did not charge the essential elements to sustain a conviction of forgery.

■■ Since no offense is charged, on the basis of *Nickols* and *Moats*, and since convictions on the counts charging forgery were involved and were considered by the trial court in the sentencing process, we believe that this cause should be remanded for resentencing on the burglary charges and that the judgment of conviction and sentence as to the forgery counts should be reversed.

Judgments of conviction and sentence as to the forgery counts are reversed. Judgments of conviction as to the burglary counts are affirmed, but sentence thereon is vacated and cause is remanded for the sole purpose of resentencing on the burglary counts.

Affirmed in part and reversed in part and remanded for resentencing.

STOUDER, P. J., and STENGEL, J., concur.