The People of the State of Illinois, Plaintiff-Appellee, *v.* William Holloman, Defendant-Appellant.

(No. 74-212; ▮▮▮▮▮▮▮▮

Second District (1st Division)—July 30, 1975.

GUILD, J., dissenting.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of the offense of forgery (Ill. Rev. Stat. 1973, ch. 38, par. 17—3)[1] and sentenced to 3-9 years' imprisonment. Defendant appeals, contending that the indictment was fatally defective because no payee was named. He also claims that the absence of a transcript or other record of the *voir dire* examination of the jury and of the opening and closing statements of counsel requires that we reverse.

The indictment as material here states:

> "* * * committed the offense of Forgery in violation of Paragraph 17—3, Chapter 38, Illinois Revised Statutes, 1973, in that he, with intent to defraud, knowingly made a check, a document apparently capable of defrauding another, in such manner that it purported to have been made by Jim Jenkins, drawn on the following bank, to-wit: Dixon National Bank, Dixon, Illinois, in the sum of $55.00 * * *."

No copy of the instrument was attached.

Defendant argues that an instrument is not a check "apparently capable of defrauding another" without a named payee and that therefore the indictment is fatally defective for failure to charge a crime. The State responds that in view of the trend away from formalism in criminal code pleading and the availability of discovery procedures to inform defendants of particulars of the charge that this indictment contains sufficient information to confer jurisdiction on the court. The State argues that it is sufficient if the name of the document is described in the indictment ("a check"), together with the allegations that the document was "apparently capable of defrauding another," and that the forgery was accomplished.

■■ The standards for testing the validity of an indictment have been long established in general terms. An indictment must charge an offense in sufficient terms to enable a defendant to prepare his defense and to permit the judgment under it to bar further prosecution for the same offense. *People ex rel. Miller v. Pate* (1969), 42 Ill.2d 283, 285; *People v. Dzielski* (1970), 130 Ill.App.2d 581, 584.

■■ The offense as now defined in the Criminal Code incorporates all traditional forms of forgery into a single crime (Ill. Rev. Stat. 1973, ch.

---

[1] The statute which is applicable here provides:

"§ 17—3. Forgery.) (a) A person commits forgery when, with intent to defraud, he knowingly:

(1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or

(2) Issues or delivers such document knowing it to have been thus made or altered; * * *."

38, par. 17—3); contrasted with prior statutes which described various forms of forgery with different penalties depending on the instrument involved. It is no longer necessary, therefore, for the indictment to include an exact copy of the instrument ("tenor description") and it is sufficient if the instrument be described in narrative form showing its salient aspects ("purport description"). If, however, there is both a "tenor" and a "purport" description they must be consistent. *People ex rel. Miller v. Pate* (1969), 42 Ill.2d 283, 286.

We examine the indictment before us to determine whether it describes the salient features of "a check * * * apparently capable of defrauding another".

■■ A check has been defined as a draft or an order upon a bank purporting to be drawn upon a deposit of funds for the payment of a certain sum of money to a certain person named therein or to his order or to bearer (*People v. Nickols* (1945), 391 Ill. 565, 569). It has been held that an instrument is not a check if it does not appear from the face of the paper to whom it is payable. (*People v. Nickols.*) While *Nickols* was decided under the Negotiable Instrument Law then in effect, the same definition has been adopted in the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—104; *People v. Moats* (1972), 8 Ill.App.3d 944, 947). In *Moats*, the court held that failure to name a payee or state an amount in describing the relevant check in an information charging forgery justified reversal of the conviction resulting from a plea of guilty to the charge. The court concluded that when the amount and the payee were not described in the information there was no showing of a "document capable of defrauding another" and thus no offense was charged. In the recent case of *People v. Teichler* (1974), 19 Ill.App.3d 292, this court concluded that the failure of the complaint to state that the forged checks were drawn on a bank or to set forth the name of such bank required that the judgment of conviction be reversed for failure to sufficiently charge the offense of forgery. And similarly in *People v. Gilmore* (1975), 28 Ill.App.3d 130, the Third Appellate District ruled that omission of the name or existence of the payee from the purported description of the bank check in the informations charging forgery mandated reversal of the conviction because of a failure to charge the essential elements of the crime.

In the indictment before us, the maker and the drawee are named and the amount is indicated, but the indictment fails to describe, identify or even acknowledge the existence of a named payee. Thus, the statement in the indictment that "defendant * * * made a check" is false since a "check" as defined in the law had not, in fact, been described. As a result there is no allegation to support the remaining lan-

guage in the indictment that the document made by the defendant was "apparently capable of defrauding another."

*People ex rel. Miller v. Pate,* cited by the State, does not support the position that this indictment is valid. While the court held that it was no longer necessary to set out a facsimile of the instrument under the modern forgery statute, it still found it necessary to observe that the purport clause of the indictment "explicitly identifies and describes the instrument in narrative form" (42 Ill.2d 283, 287). *People v. Jones* (1973), 53 Ill.2d 460, also fails to support the State's argument. In *Jones,* a particular of the offense (the name of the victim of the robbery) was corrected by an amendment to the indictment before the trial began. The court indicated that "[t]he indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense." (53 Ill.2d 460, 464.) This holding does not, however, stand for the proposition that an essential and salient element of the offense may be omitted from the indictment. *People v. Harvey* (1973), 53 Ill.2d 585, and *People v. Mills* (1968), 40 Ill.2d 4, also fail to support the State's argument. In *Harvey,* an indictment for aggravated battery failed to include the phrase "without legal justification." The court upheld the conviction noting that the statute defining "battery" included the words "without legal justification" and that accordingly defendant was chargeable with implicit knowledge of the inclusion. In *Mills,* an indictment for unlawful possession of narcotic drugs failed to include the word "knowingly." The court upheld the conviction holding that the defendant was properly chargeable with knowing that the term "possession" used in the indictment meant "knowing possession." Here, however, there is no way to imply the existence of a specific named payee from the use of the word "check." If the payee could be implied, similarly the existence of the drawer and drawee could be implied and there would then be no need to set out any of the three essential parties to a check. We are not willing to go that far in liberalizing pleading formalities. In *People v. Moyer* (1971), 1 Ill.App.3d 245, cited by the State, the defendant was charged with forging a charge account sales slip to obtain clothing. The court found that the indictment stated extrinsic facts sufficiently able to render the documents in question "apparently capable of defrauding another." In this case, however, the check is a nullity on its face. It fails to show a payee and there are no extrinsic facts in the indictment which may remedy this incomplete description.

The State further argues that because the check itself, showing the name of the payee (National Food Stores), was introduced into evidence at a preliminary hearing held 2 days prior to the indictment, the defen-

dant was sufficiently informed of the charge to enable him to defend and to plead the resulting judgment in bar of further prosecution. The State also notes that the record of the trial was replete with references to the name of the payee. *People v. Campbell* (1968), 40 Ill.2d 463, cited by the State, however, does not support the argument that the omission of a salient essential allegation in the indictment may be cured by showing that the defendant was, in fact, aware of the particulars of the charge against him. In *Campbell*, the indictment failed to set forth the specific street address of the building allegedly burglarized. This allegation, however, was not an essential element of the burglary charge, and its absence from the indictment was not fatal. In the present case, the indictment omitted a designation of the named payee and thus in describing a "check" failed to depict a part of that which in fact made it a check. Certainly the missing particularity later made known to the defendant Campbell cannot be compared with the particularity absent from the indictment in the present case. If this were so the State could adopt the same reasoning to urge that any other essential allegation could be omitted from the pleading of the offense so long as the defendant was otherwise advised of that element. We know of no authority to support this reasoning.

■■ For the reasons stated we conclude that the indictment did not sufficiently charge the offense of forgery. The judgment of conviction is therefore reversed.

We thus find it unnecessary to consider the remaining questions raised by the defendant.

Judgment reversed.

HALLETT, J. concurs.

Mr. JUSTICE GUILD, dissenting:

I must respectfully dissent from the opinion of my colleagues.

In *People v. Teichler* (1974), 19 Ill.App.3d 292, this court, relying upon *People v. Nickols* (1945), 391 Ill. 565, *People v. Moats* (1972), 8 Ill.App.3d 944 and *People v. Dzielski* (1970), 130 Ill.App.2d 581, held that an indictment for forgery which failed to allege or set forth the name of the bank upon which the checks were drawn was fatally defective. The defendant, therein, contended that the failure of the indictment to include the name of the bank upon which the checks were drawn rendered the accusation insufficient because the instrument described in the complaint was not "apparently capable of defrauding another." I do not believe that *Teichler* applies to the facts in this case. If it does I would overrule *Teichler* for the following reasons: I recognize

the recent decision in *People v. Gilmore* (1975), 28 Ill.App.3d 130, 328 N.E.2d 53, wherein the court there held the forgery indictment defective which failed to name the payee in the description of the bank check. Notwithstanding the fact that the defendant pled guilty, and stipulated that the payee for the three checks was one C. D. Davis, the appellate court reversed the conviction on the precedent of *Nickols* and *Moats*, observing that the supreme court has denied petition for leave to appeal in *People v. Teichler*, thusly indicating no intention on the part of the supreme court to modify the conclusion in *Nickols* or *Moats* or *Teichler*. The court specifically observed that it was "particularly unfortunate" to have to reverse where the record showed in fact that the check was payable to C. D. Davis and in fact negotiated by defendant Gilmore, who pretended to be C. D. Davis. Nonetheless, the court concluded that it was bound by the above-mentioned decisions of *Nickols* and *Moats*.

In *People v. Mahle* (1974), 57 Ill.2d 279, 312 N.E.2d 267, 270, the supreme court considered the appeal of conviction of deceptive practices to which the defendant had pled guilty. The allegation in the appeal was the misnomer of the parties defrauded. The supreme court, in affirming the conviction, stated:

> "In the case at bar, the defendant made no attack upon the informations until the appeal. Had the defendant had any doubt as to the identity of the victims of his deceptive practices, he could have removed the doubt by the use of a bill of particulars." 57 Ill.2d 279, 282.

In commenting upon *People v. Crouch* (1963), 29 Ill.2d 485, 194 N.E.2d 248, the supreme court, in *People ex rel. Miller v. Pate* (1969), 42 Ill.2d 283, 287, 246 N.E.2d 225, 227, stated:

> "The *Crouch* case, in our judgment, evidences a disposition by this court to reject, rather than to retain, technical pleading requirements in forgery cases."

Lastly, in *People v. Jones* (1973), 53 Ill.2d 460, 464, 292 N.E.2d 361, 363, the court stated:

> "The liberalization of criminal pleading also reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record. (*See, e.g., People v. Jankowski* (1945), 391 Ill. 298, 302.) The primary safeguard of indictment by grand jury, which remains secured to criminal defendants, is to protect individuals

from the caprice of the public prosecutor. 'The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.' *Stirone v. United States* (1960), 361 U.S. 212, 218, 4 L.Ed.2d 252, 257, 80 S.Ct. 270. 273."

In the case before us, the defendant, at the time of the preliminary hearing 2 days before he was indicted, was confronted with the original of the forged check he attempted to cash at the National Tea Store. Likewise, no objection to the insufficiency of the indictment was raised in any way in the trial court and the check in question was admitted into evidence without objection.

I do agree that the time has come to recognize that mere technicalities in indictments, which in no way prejudice the defense where the facts are well known to the defendant before and during the trial, should not be used as a basis for reversal. I believe that this is what the supreme court has stated in *People v. Jones.*

I would affirm the conviction.