THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN F. KENT, Defendant-Appellant.

Fifth District   No. 75-191

Opinion filed July 8, 1976.

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

A jury found defendant, John Kent, guilty of forgery. The court sentenced him to three to nine years in the penitentiary, the term to run concurrently with the sentence which he was serving on parole at the time of this offense. Defendant appeals presenting the following issues for review: (1) whether the State proved that the document delivered was apparently capable of defrauding another; (2) whether the court erred in instructing the jury; (3) whether the proof was fatally at variance with the charge; and (4) whether the State negated beyond a reasonable doubt the reasonable probability that someone other than defendant delivered the check in question.

Defendant was charged by information with having committed a forgery on October 9, 1974, at the National Food Store in Carbondale. Following a preliminary hearing, defendant was indicted as follows:

> "John Kent committed the offense of forgery in that he did, with the intent to defraud, knowingly deliver to Beverly Trammel, an employee of National Food Store, Carbondale, Illinois, a document apparently capable of defrauding another in that it purported to have been made by another, said document being a check number 195 drawn on the First National Bank and Trust Company, Carbondale, Illinois, in the amount of $116.50 made payable to National and signed as maker Richard S. Westerman, knowing that the signature was not that of Richard S. Westerman."

At trial Beverly Ann Trammel, an employee of the food store on the

day in question, testified that defendant appeared at the window in the office area where she was working and gave her a checkbook and check cashing card in the name of Richard S. Westerman. She wrote the check cashing card number on the check, compared the number with the store's card file, stamped the check with a regiscope number, took a picture of defendant and the check with the regiscope machine, and returned the instrument and check cashing card to the accused. Ms. Trammel could not recall seeing a date or signature on the instrument when it was presented to her, but thought it "was probably * * * just a blank check" imprinted with Richard Westerman's name. She stated that she never saw defendant sign the check, go to the register with it, or carry any groceries out of the store. She thought, however, that the check was cashed at register No. 2 in the store. People's Exhibit No. 1, the cancelled check in question, appears to bear the cash register amount of $116.50 and identifying numbers of the register on the back of the instrument. Ms. Trammel further testified that as a matter of customary business practice, only merchandise is given in exchange for checks. She identified People's Exhibit No. 1 as the same check after it had been dated, signed, cashed for $116.50, and returned unpaid by the bank.

Richard Westerman, a student, testified that prior to the incident in question, he had lost his checkbook and had signed an affidavit at the bank concerning the missing check. In October 1974, National called him about a check that had not cleared. He went to the store and identified check No. 195, dated October 9, with his name printed on it. The signature on the check was not his. Westerman related that although he had met defendant, he had never given him permission to use his checks or name.

The State's next witness, Police Detective Michael Maurizio, testified that he investigated this case after receiving the check and regiscope picture on November 5, 1974, from Mrs. Gaylen Johnson, cashier for the National Food Store. Maurizio recognized defendant from the regiscope photograph. The detective had been looking into the misuse of Westerman's checks for some weeks and was aware that prior to defendant's trial a man named John Fromm had been convicted for having forged check No. 197, also on October 9, 1974, at the Village Inn Pizza Parlor. In October 1974, Fromm, 5'9"-5'10" tall and 140 to 150 pounds, had long brown hair, a heavy brown moustache, and a full beard. At the time of the incident in question defendant was clean-shaven.

At the close of the State's evidence and again at the close of all the evidence defendant's motions for a directed verdict were denied. Defendant presented no witnesses.

Defendant initially contends that the State failed to prove that the

document delivered was apparently capable of defrauding another and thus did not prove him guilty of forgery beyond a reasonable doubt. This argument is based on the fact, as shown by the evidence, that when defendant presented the check to Ms. Trammel it was entirely blank. Defendant cites *People v. Holloman*, 30 Ill. App. 3d 822, 333 N.E.2d 509.

"(a) A person commits forgery when, with intent to defraud, he knowingly:

(1) Makes or alters any document apparently capable of defrauding another in such a manner that it purports to have been made by another \* \* \* or by authority of one who did not give such authority; or

(2) Issues or delivers such document knowing it to have been thus made or altered; or

(3) Possesses, with the intent to issue or deliver, any such document knowing it to have been thus made or altered.

(b) An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property.

(c) A document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a), (b), (c).

The check, introduced into evidence as People's Exhibit No. 1, was a completed instrument. It was drawn on the First National Bank and Trust Company, dated "10-9-74," made payable to "National" in the amount of $116.50 and signed "Richard Westerman." It can be inferred from the cash-registered amount and identifying numbers which appear on the back of the instrument and from Ms. Trammel's testimony that the check was indeed cashed at one of the registers in the National Food Store. At the time the check was presented at the cash register the check was not only capable of defrauding but also did actually defraud the food store. The evidence shows that the check was returned unpaid by the drawee bank because Richard Westerman's account had been closed after Westerman reported the loss of his checkbook. Westerman's testimony established that the signature on the check in question was that of another and made without his authority.

■■ Defendant's initial argument centers on his transaction with Ms. Trammel and the fact that her name is mentioned in the indictment. The truth of the matter is, however, that it was the National Food Store that was defrauded. It was the payee of the check and the indictment so stated. Ms. Trammel and the checkout girl were employees of National.

The check defendant used to deprive National of its merchandise was complete in every respect except its genuineness. It was "apparently capable of defrauding."

Defendant maintains that the court erred in instructing the jury and in refusing to give a modified issues instruction tendered by defense counsel. At the instruction conference and during argument on his post-trial motion defendant objected to the People's instruction (Illinois Pattern Instruction, Criminal, No. 13.25) which defined the offense of forgery as follows:

> "A person commits the crime of forgery, who, with intent to defraud, knowingly issues or delivers a check which he knows has been made or altered so that it appears to have been made by another."

The basis of the objection was that the instruction did not follow the language of the statute and misstated the law, principally because it did not include the words "a document apparently capable of defrauding." The court gave the disputed instruction and refused defendant's instruction which included the phrase "apparently capable of defrauding." In particular, defendant argues that the giving of the IPI Criminal No. 13.25 prejudiced him because the instruction did not present to the jury the issue whether the document delivered was apparently capable of defrauding anyone. Defendant's argument in this regard seems to be predicated upon an assertion that throughout the case the State contested whether the check was completed at the time it was presented to Ms. Trammel.

The Committee Note following the IPI definition of forgery states in pertinent part:

> "Whether a document is apparently capable of defrauding under subsection (c) of the section 17—3 is a question of law to be determined by the court and no instruction on this point is necessary."

No authority is cited by the Committee to support this statement. Our search of Illinois case law reveals that the issue presented by defendant is one of first impression.

After arguments of counsel it is the court's duty to instruct the jury as to the law. (Ill. Rev. Stat. 1973, ch. 38, par. 115—4(i).) If there is any evidence supporting the defendant's theory of the case, then the court should allow an instruction tendered by the defendant that embodies his theory *(People v. Dortch,* 20 Ill. App. 3d 911, 314 N.E.2d 324), unless the proferred instruction is repetitious *(People v. Sledge,* 71 Ill. App. 2d 285, 218 N.E.2d 845), framed in language not authorized by Supreme Court Rule 451(a), or is an inaccurate statement of the law (Ill. Rev. Stat. 1973, ch. 110A, par. 451(a)).

It is an elementary rule of law that in order to convict a defendant, the State must prove all the elements of a crime beyond a reasonable doubt. An essential element of the crime of forgery is that the document as written must be apparently capable of defrauding another. (Ill. Rev. Stat. 1973, ch. 38, par. 17—3.) An instrument without apparent legal efficacy or incapable of affecting the rights of another cannot be the subject of forgery. *Goodman v. People,* 228 Ill. 154, 81 N.E. 830.

In *Goodman* defendant was convicted of uttering a forged railroad pass. On appeal to the Supreme Court of Illinois his conviction was reversed and remanded because the trial court erred in failing to grant his motion to quash the indictment. The forgery indictment was held defective for reason that it did not state extrinsic facts to show how the writing was used to defraud the railway company, whether the railroad had any means of transportation over which the pass could be used, or that the person whose name appeared on the pass as general manager of the railway in fact held that office. The Supreme Court also recognized that the similarity which must exist between a forged instrument and the genuine, to make it apparently capable of defrauding, need only be such that the court, in reading the indictment, can say that a reasonable and ordinary person might be deceived into accepting the same as genuine. The forged instrument need not be so skillfully executed as to require an expert to detect its falsity.

As stated in *Goodman,* the test whether a document is apparently capable of defrauding is whether a reasonable and ordinary person might be deceived into accepting the document as true and genuine. In the language of present statute, "[a] document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(c).) If the language of that statute stated that the document must be actually capable, rather than *apparently* capable, of defrauding another, then we would be inclined to agree with the drafters of the IPI Criminal Committee Notes that this question is one of law for the judge to determine. Because, however, the statute reads as it does, we believe that this question is one of fact for the jury. It is the province of the jury to decide whether the document at issue might under the circumstances deceive the person to whom it was tendered into accepting it as genuine. When an issue regarding this question is presented by the facts of a particular case, we are of the opinion that a special instruction incorporating the language of section 17—3(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(c)), which defines "a document apparently capable of defrauding," should be given by the court. This would allow the jury, in an appropriate situation, to determine

whether the State has proved all the elements of the crime of forgery beyond a reasonable doubt.

██ In the instant case the judge made a prior determination that the check in question was an instrument apparently capable of defrauding. Nonetheless, defendant tendered an instruction including this element of forgery and noted his objection to the instruction given by the court. The court gave People's Instruction No. 7 which defined the offense of forgery:

> "A person commits the crime of forgery who, with intent to defraud, knowingly issues or delivers a *check* which he knows has been made or altered so that *it appears to have been made by another.*" (Emphasis added.)

This instruction was followed by People's Instruction No. 8, an issues instruction.

> "To sustain the charge of forgery, the State must prove the following propositions:
>
> First: That the defendant knowingly issued or delivered a *check* which he knew had been made or altered so that *it appeared to have been made by another;* and
>
> Second: That the defendant did so with intent to defraud National Food Store.
>
> If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.
>
> If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." (Emphasis added.)

We believe that the above instructions were sufficient to charge the offense of forgery in this case. By its verdict the jury found that defendant knowingly issued or delivered a check that appeared to have been made by another. By necessary implication the jury concluded that the check in question was a document not only apparently capable but also actually capable of defrauding the National Food Store. Any failure of the court to specify to the jury that it was incumbent upon the State to prove that the check was apparently capable of defrauding was thus harmless error, if error at all.

Defendant next argues that the proof in the instant case fatally varied from the charge so that defendant was misled in preparing and presenting his defense.

A variance between the indictment and the proof is not regarded as material unless it is shown that defendant was misled by it or that some substantial injury was done to the accused. *(People v. Fry,* 29 Ill. 2d 455,

194 N.E.2d 267.) On this record we do not believe that defendant was misled by the allegation in the indictment that it was Beverly Trammel to whom defendant delivered the check. The victim in the instant case was the payee, the National Food Store, not its employee Ms. Trammel.

■■ Defendant maintains that he was misled in preparing his defense because he thought the State was basing its case on defendant's act of presenting the check for approval to Beverly Trammel. The record, however, speaks to the contrary. At the preliminary hearing held December 30, 1974, Beverly Trammel testified that her role was limited to approving checks for subsequent presentation to cashiers in payment for groceries. She specifically stated that when submitted for her approval, checks were not normally filled in and awaited determination of the amount of purchase at checkout, and in this instance she did not recall what appeared on the face of the check in question. Defendant did not claim surprise or object to the testimony of Ms. Trammel on that basis. Defense counsel's questions on cross-examination indicated a detailed familiarity with the store and the office area in which Ms. Trammel worked. In arguing for admission of his Exhibit No. 1 (Check No. 197), defendant acknowledged that the case against him had to be premised upon a subsequent presentment of the check in question (No. 195) to the cashier in payment for groceries. It was defendant who submitted the circumstantial evidence instruction, which was only warranted if the case against him was based on the asserted delivery of the check to the checkout attendant. The jury was instructed that the People had to prove that defendant delivered the check with the intent to defraud National Food Store. No employee was named in this instruction. During closing argument both defense counsel and the prosecutor presented the case to the jury on the basis that only the act of delivery of the check in payment for groceries constituted a forgery. In light of the foregoing circumstances, we cannot say that defendant was misled or suffered substantial injury by language of the indictment. Since the variance pertained to a nonmaterial allegation and since defendant was not prejudiced by this discrepancy, we find his contention without merit.

■■■ Defendant finally argues that the evidence was insufficient to prove beyond a reasonable doubt that he was the perpetrator of the instant forgery. We disagree and are of the opinion that the evidence presented by the State sufficiently connects the defendant to the crime.

Defendant challenges his forgery conviction on the ground that the State's evidence did not exclude the reasonable hypothesis that someone else, namely, John Fromm, presented the check to the checkout girl. Defendant does not contest the lack of genuineness of the signature on the check or the fact that it was he who presented the instrument for approval to Beverly Trammel. The accused rightly points out that no one testified

to seeing him go to the register and present the check or carry any groceries out of the store. He notes that he presented evidence that (1) a John Fromm had been convicted of forging another check from the same checkbook written on the same day and (2) the handwriting on that check (No. 197) matched the handwriting on the instant check (No. 195). Defendant concludes that the evidence thus failed to exclude the reasonable hypothesis that he was innocent.

A close examination of the record shows that the State presented sufficient circumstantial evidence so that the jury was justified in finding defendant guilty as charged. Defendant was linked to check No. 195 by his photograph on the regiscope, the grocery total of $116.50 and cash register identifying numbers stamped on the back of the check, and the identification testimony of Beverly Trammel and Detective Maurizio. This evidence gives rise to the reasonable inference that it was defendant who presented the check to the checkout attendant at the National Food Store on the day in question. There was no testimony that John Fromm, who had a moustache and full beard, was in the food store on the day of the crime. Although Detective Maurizio identified the signature on Defendant's Exhibit No. 1 (check No. 197) as that of John Fromm, he did not explain how he learned of this fact. The court pointed out during the hearing on the admissibility of Defendant's Exhibit No. 1 that the indictment did not allege that defendant signed the check, but only that he delivered an instrument capable of defrauding. Even assuming that both checks were signed by the same person, the evidence does not exclude the reasonable possibility that Fromm could have already signed People's Exhibit No. 1 before defendant presented it for approval to Ms. Trammel. Assuming, *arguendo,* that it was Fromm who presented the check at the cash register, the jury could have reasonably concluded that defendant and Fromm were acting in concert. In this instance it would be immaterial that defendant was not charged in the language of accessoryship or that the jury was not instructed on the law of accountability. *(People v. Williams,* 28 Ill. App. 3d 402, 328 N.E.2d 682.) As this court recently reiterated in *People v. Castile,* 34 Ill. App. 3d 220, 224-25, 339 N.E.2d 366, 369-70:

> " 'The rule is that to support a conviction based on circumstantial evidence it is essential that the facts proved be not only consistent with defendant's guilt, but they must also be inconsistent with any reasonable hypothesis of innocence. However, such proof need not be beyond the possibility of a doubt * * *. [T]his rule does not contemplate that the trier of the facts is required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt.' "

In our view the circumstantial evidence adduced at trial was sufficient to

connect defendant to the forgery. On this record we cannot elevate defendant's hypothesis of possible innocence to the status of a reasonable doubt.

One further issue, presented by the State, must be considered. The State contends that defendant's sentence of three to nine years for forgery must run consecutively to the one- to five-year sentence for burglary that the accused was serving at the time of the instant forgery. In support of its contention the State cites the following statutory provisions:

> "(f) A sentence of an offender committed to the Department of Corrections at the time of commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections.* * *
>
> * * *
>
> (h) Paragraphs (e), (f) and (g) of this Section shall apply to persons in the custody of the Department of Corrections on the date this Act becomes effective and to those persons thereafter committed to the Department, provided, however, that paragraph (c) of this Section shall apply only to persons sentenced on or after this Act becomes effective." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(f), (h).)

The State asserts that because defendant was on parole from the burglary sentence at the time of the commission of the instant forgery, he was at that time "committed to the Department of Corrections," "held by the Department of Corrections," and "in the custody of the Department of Corrections" as those terms are used in subsections (f) and (h) of section 5—8—4 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(f)(h)). The State therefore submits that because of the duty imposed by this statute, the trial court erred in sentencing defendant to a term to run concurrently to the term he was serving on his prior burglary conviction.

In reply, defendant makes the following arguments: (1) the State lacks standing to assert this issue for reason that it could not have raised it had defendant not appealed; (2) the State has waived this issue because they did not raise it in the trial court or present factual evidence to support imposition of a consecutive sentence; (3) the prospect of receiving a greater sentence after appeal pressures defendant to drop his appeal in violation of his right to due process of law; (4) the statute requiring consecutive sentences for offenses committed while held by the Department of Corrections does not apply to persons committing offenses while on parole.

■■ We have determined that we cannot entertain the State's arguments that the trial court erred in sentencing defendant. In urging that the trial court erred the State is here in the posture of an appellant. Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par.

604(a)(1)) strictly limits the State's right to appeal. This Rule does not allow the State to contest the propriety of the sentence imposed on a criminal defendant. (See *People v. Kurtz,* 37 Ill. 2d 103, 224 N.E.2d 817, decided pursuant to Ill. Rev. Stat. 1965, ch. 38, par. 120—1; ch. 110, par. 101.27, the predecessors of Supreme Court Rule 604; *People v. Knox,* 3 Ill. App. 3d 1050, 280 N.E.2d 10.) Had defendant not brought this appeal, the State thus could not even have suggested the issue it seeks to present. Accordingly, we do not consider it now.

For the foregoing reasons, the judgment of conviction, and the sentence, will be affirmed.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.