The People of the State of Illinois, Plaintiff-Appellant,
v. Thomas Addison, Jr., Defendant-Appellee.

Gen. No. 10,750.

Fourth District.

October 6, 1966.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellant.

Baird & Latendresse, of Decatur (Donald G. Baird, of counsel), for appellee.

SMITH, J.

■ ■ Appeal on dismissal of an indictment for forgery. It is said that there is a fatal variance between the "purport" and "tenor" clauses. In forgery indictments the instrument or "document apparently capable of defrauding another," for obvious reasons, must somehow be described, and it can be done in two ways, either by its purport or tenor, or for that matter, by both. A "purport description" is narrative in style and describes generally the instrument in its salient aspects, while a "tenor description" is either an exact copy—xerox, etc., or typed facsimile in haec verba, as the older cases say. Here, we have examples of both clauses and there's the rub, we are told, because they are inconsistent.

The "purport description" charges that defendant "knowingly made a check apparently capable of defrauding another, in such a manner that it purported to have been made by Marge Jones." The "tenor description" follows immediately—"said check being in the words and figures following, to-wit:" and is a typed facsimile which discloses a check signed by "Robert A. Packer," payable to "Marge Jones," and continues: "and endorsed on the back thereof as follows:

" 'Marge Jones
Jim Jones
2236 East Olive,' "

■ ■ It is true, if we focus one eye on the so-called purport clause and the other on the tenor, a surface dis-

parity does appear—one eye reads Marge Jones as the maker, the other, Robert A. Packer. But if we rid ourselves of this strabismus and read both descriptions as one, in the context of the forgery statute, the inconsistency vanishes and what we have is simply a check drawn by Packer, payable to Jones and endorsed by her. The action words of the statute are "makes or alters," and it would follow necessarily that the verb "make" has to be given a very broad definition indeed, if the evil the statute is aimed at is to be remedied at all. Thus, "makes" includes "endorses," and if so, the text of the purport and tenor clauses in this context is a charge that Jones' endorsement was forged, which is the making of a "document," as such is defined in § 17–3(c) of the Criminal Code of 1961 (c 38, Ill Rev Stats 1965).

It might seem that we are overruling People v. Nickols, 391 Ill 565, 63 NE2d 759, but we are not, and of course, we shouldn't. In Nickols, the purport clause described an instrument "apparently capable of defrauding," while the tenor clause disclosed an instrument that wouldn't defraud anyone. After pointing out the nonnecessity of describing an instrument by both its purport and tenor, Nickols concludes, "yet where it [the indictment] attempts to do so, the two descriptions must be consistent and it must appear from the face of the indictment that they refer to the same instrument." Here this is so. Not only, as we have pointed out, need we not dissect this indictment, but even if we do, the hypercritical would have to agree that the purport and tenor clauses do refer to the same instrument, which is, as we have said, a check drawn by Packer, payable to Jones, and endorsed by Jones.

An indictment performs the office of advising the chargee of the charge, and it is also said that it must be explicit enough to bar a second prosecution for such offense, and while in no way belittling this office, the indictment itself, as proof that such is the case, will hard-

ly carry the day. It is unreal to expect an indictment all by itself to stand as a bar to a second indictment for the same offense. Ordinarily, when such is suspected, evidence is heard de hors the indictment, to use lawyers' language, and § 114–1(d) of the Code of Criminal Procedure so provides. The Nickols' rule is admittedly technical, and we detect a latter-day emphasis, or thrust, to use a much overworked word, that such preciosity in criminal pleading is no longer in vogue. At least we read People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, as saying so, and such emphasis and holding is in accord with one purpose of the Code, to "secure simplicity in procedure." Section 101–1, ch 38, Ill Rev Stats 1965. This indictment sets "forth the nature and elements of the offense charged," as provided in § 111–3 of the Code in sufficient detail and consistency to meet both offices. One could, of course, conjure up, reductio ad absurdum, a great many bizarre possibilities, if purport and tenor are to be considered alone and without regard to the other. But when we read them together in the context of the forgery statute, and in the light of the very purposes for an indictment, we believe that we have here the prerequisities of a good indictment. Accordingly, the judgment below is reversed and the cause remanded with directions to reinstate the indictment.

Reversed and remanded with directions.

TRAPP, P. J. and CRAVEN, J., concur.