**People of the State of Illinois, Plaintiff-Appellee,
v. Floyd Mustread, Defendant-Appellant.**

**Gen. No. 10,859.**

Fourth District.

May 23, 1968.

George K. Meuth, of Cuba, for appellant.

Don P. Boggs, State's Attorney of Mason County, of Havana, for appellee.

SMITH, P. J.

The defendant was found guilty of forgery by a jury on a two-count indictment charging the making of a forged document in one count and the delivery of a forged document knowing it to be forged in the second. Motions in arrest of judgment and for new trial were denied. The defendant's motion for admission to probation was allowed, but as a condition thereof, the court required that he serve the first 9 months of his probation period in the State Farm at Vandalia. Defendant appeals.

The defendant first contends that in an indictment for forgery, the instrument itself is the very soul of the charge, and that this is a soulless indictment for the simple reason that the timber contract alleged to be forged is neither set out in the indictment in haec verba nor is a

true copy of it attached to the indictment nor is it alleged in the indictment that the instrument was not available to the Grand Jury. Thus, he argues the indictment is insufficient to support a conviction. Count I of the indictment charges that the defendant "did with intent to defraud Ned Rich, Jr., knowingly sign a document, namely; a bill of sale of timber, apparently capable of defrauding the said Ned Rich, Jr., in such manner that it purported to have been made by another, namely; one Emil Sukarno, in violation of § 17–3, c 38, Ill Rev Stats (1965)." Count II is in substantially the same language except it charged in substance that the instrument was delivered knowing that it had been thus made. In People v. Nickols, 391 Ill 565, 63 NE2d 759, the court stated that it was not necessary that the indictment describe the instrument both by its purport and by its tenor, but that where it attempts to do so, the two descriptions must be consistent and it must appear from the face of the indictment that they refer to the same instrument. The instrument in Nickols would defraud nobody. In People v. Addison, 75 Ill App2d 358, 220 NE2d 511, we reiterated this statement in Nickols but held that when read together, the purport and the tenor were not inconsistent, but they referred to the same instrument and that the charges were sufficiently explicit for ready defense and to bar a second prosecution for the same offense.

Neither Nickols nor Addison is the answer to our problem here. Each had a purport clause and a tenor clause. In each, an accurate facsimile of the document itself was set out in the indictment. Here the bill of sale for timber appears in its precise form only in the evidence as the prosecution's Exhibit A and objection to its admissibility was overruled. In People v. Tilden, 242 Ill 536, 90 NE 218, the forged instrument was set out in substance, but not literally. The court traced the history of the rule requiring that the instrument forged be set

out with strict, verbal accuracy and noted that it was followed in England until changed by statute and in most jurisdictions in this country. Where such rule is not followed, the jurisdiction so holding has removed the requirement by statute. The court recognized that the rule requiring a literal copy was strict, but that it was based on reason. It points out that the court cannot know that a forgery has been committed without an examination and construction of the instrument alleged to be forged. No court, it stated, ought to undertake to construe a written instrument from a statement of its mere substance and without having before it the whole instrument in its exact language. The conviction of the defendant was reversed. Tilden appears to have been consistently followed. People v. Kimler, 324 Ill 445, 155 NE 299; People v. Brown, 397 Ill 92, 72 NE2d 859; and while the point is not decided in the case, the rule of Tilden and Brown is asserted in People v. Crouch, 29 Ill2d 485, 194 NE2d 248. Thus, it appears, the ticket for our destination in this case has been printed and given to us. We must use it. The indictment in the instant case is fatally defective for failure to set out the forged instrument either in haec verba or by a facsimile copy thereof attached. The judgment of conviction must be reversed and the defendant discharged. Judgment reversed.

Reversed.

TRAPP and CRAVEN, JJ., concur.