People of the State of Illinois, Plaintiff-Appellant, v. Richard Long and Roosevelt Nick, Defendants-Appellees.

Gen. No. 53,790.

First District, Fourth Division.

May 27, 1970.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, John O. Clarke, and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel), for appellant.

James L. Mitchell, of Chicago, for appellee, Richard Long.

MR. JUSTICE DRUCKER delivered the opinion of the court.

The State appeals from an order dismissing an indictment against the defendants-appellees for failure to state an offense. The jurisdiction of this court is invoked pursuant to Supreme Court Rule 604(a). Notice of appeal was sent to both defendants. However, only defendant Long has filed a brief.

The Grand Jury returned Indictment 68-2413, charging the defendants with the offense of burglary (Ill Rev Stats 1967, c 38, § 19-1) [1] "in that they, without author-

---

[1] § 19-1. Burglary.) (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor

ity, knowingly entered into the store of Kenwood Food Mart, Inc., a corporation [on April 7, 1968] with the intent to commit the crime of theft therein, in violation of chapter 38, section 19–1 of the Illinois Revised Statutes. . . ." Defendant Nick was also charged with the offense of aggravated battery.

Defendant Long and defendant Nick were arraigned on July 25 and July 29, 1968, respectively. Both the State and the defendants, through respective counsel, stipulated "that on or about 12:30 a. m. on April 7, 1968, with respect to the premises of the Kenwood Food Mart, Inc., a corporation, located at 1348 East 61st Street, Chicago, Illinois, (i) normal security of the property was not present (ii) by virtue of a riot, mob or other human agency." Defendants contended that in view of the stipulation, looting (Ill Rev Stats 1967, c 38, § 42–1) [2] and not burglary should have been charged. Therefore defendants made a motion to dismiss the burglary indictment, under the provision of Ill Rev Stats 1967, c 38, § 114–1 (a) (8).[3]

At the hearing on the motion to dismiss, defendants argued that the looting statute was a special statute in

---

vehicle as defined in the Illinois Motor Vehicle Law, approved July 11, 1957, as amended, railroad car, or any part thereof, with intent to commit therein a felony or theft.

[2] § 42–1. Looting by Individuals.) A person commits looting when he knowingly without authority of law or the owner enters any home or dwelling, or upon any premises of another, or enters any commercial, mercantile, business or industrial building, plant or establishment, in which normal security of property is not present by virtue of a hurricane, fire or vis major of any kind or by virtue of a riot, mob, or other human agency and obtains or exerts control over property of the owner.

⋅ ⋅ ⋅ ⋅ ⋅ ⋅

[3] Motion To Dismiss Charge.) (a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

⋅ ⋅ ⋅ ⋅ ⋅ ⋅

(8) The charge does not state an offense.

comparison to the general burglary statute and that since it was passed subsequent to the burglary statute the legislature must have intended that the looting statute repeal pro tanto the burglary statute or create an exception to the burglary statute. The State argued that the trial court had no authority under section 114–1(a)(8) to dismiss the burglary indictment when all the elements of the offense are stated. The State also pointed out that the elements of burglary and looting are different, and that obviously it was not the intent of the legislature to make looting the sole remedy available during periods of civil disturbance or riot; rather, the legislature intended that the looting statute was to be an addition to the already existing laws.

Despite several suggestions by the trial court that the State amend the burglary indictment to also include looting, the State elected to stand on the burglary indictment alone.

After arguments of counsel the court sustained defendants' motion and dismissed the burglary indictment. The count alleging the offense of aggravated battery by defendant Nick was stricken off with leave to reinstate. The State appeals from the court's order dismissing the burglary indictment.

■ ■ The State contends that a trial court cannot dismiss an indictment under section 114–1(a)(8) when all of the elements of an offense are stated in the indictment. In order to state an offense an indictment must meet the five requirements as set forth in section 111–3 of the Code of Criminal Procedure (Ill Rev Stats 1967, c 38, § 111–3).[4] In the instant case Indictment 68–2413

---

[4] Form of Charge.) (a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

met these statutory tests. The indictment stated that the defendants committed the offense of burglary in that they, without authority, knowingly entered into the Kenwood Food Mart on April 7, 1968, with the intent to commit theft therein.

■ Section 114–1 of the Code (Ill Rev Stats 1967, c 38, § 114–1) explicitly sets forth the ten grounds upon which an indictment may be dismissed. The only way a trial court can properly dismiss an indictment is to act pursuant to one of these provisions. In the instant case the indictment was dismissed on one of these grounds—failure to state an offense (Ill Rev Stats 1967, c 38, § 114–1 (a) (8)). However, since Indictment 68–2413 fully complied with the provisions of section 111–3 we find that it properly stated the offense of burglary. See People v. Patrick, 38 Ill2d 255, 230 NE2d 843 and People v. Blanchett, 33 Ill2d 527, 212 NE2d 97.

■ Defendants argue that because of the matter disclosed in the indictment and, more importantly, because of the matter contained within the stipulation, the only offense which the defendants should have been charged with was looting. (Ill Rev Stats 1967, c 38, § 42–1.) However, we believe that the stipulation relied upon by the defendants in their argument and by the trial court in its opinion in no way affected the burglary indictment. The burglary indictment fully complied with the requirements of section 111–3 and properly charged that offense.

■ Furthermore, there was no stipulation as to the facts of the incident nor could any evidence be adduced

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty.

107

at the hearing on the motion to dismiss the indictment. In this vacuum defendant has speculated on situations in which proof of control over property under the looting statute might be equated with the proof of burglary with intent to commit theft.[5] (Ill Rev Stats 1967, c 38, § 16–1.) However, we are bound to consider only the indictment itself and we have found it properly states the offense of burglary.

■ Defendants further claim that when normal security of property is not present by virtue of riot, mob or other human agency, the crime of burglary is not a proper charge. However, we do not believe that it was the intent of the legislature to frustrate and impede prosecutions for burglaries perpetrated during periods of civil disturbance and treat burglars differently simply because lack of security made their job easier.

■ We would also note that in People v. Rhodes, 38 Ill2d 389, 231 NE2d 400, defendant contended that he should have been charged with a misdemeanor and not a felony. However, at page 396 the court stated that:

> The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged.

The judgment of the trial court dismissing the indictment is reversed and the cause is remanded for trial.

Reversed and remanded.

ENGLISH and LEIGHTON, JJ., concur.

---

[5] § 16–1. Theft.) A person commits theft when he knowingly:
(a) Obtains or exerts unauthorized control over property of the owner; . . . and
(1) Intends to deprive the owner permanently of the use or benefit of the property; . . . .