THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES MARTIN DRAKE, Defendant-Appellee.

Fourth District   No. 14802

Opinion filed September 1, 1978.

Thomas J. Difanis, State's Attorney, of Urbana (Jeffrey B. Ford, Assistant State's Attorney, of counsel), for the People.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, and Jeanne Michell Zeiger, law student, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

On October 24, 1977, the defendant, James Martin Drake, was charged by information with perjury in violation of section 32—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 32—2). The information alleged that on October 21, 1977, the defendant committed perjury "* * * in that he did knowingly, while under oath in a proceeding where by law such oath was required, namely: in a hearing for bond reduction, make a false statement, namely: that if released from jail on his own recognizance or if his bond is reduced to $1,000.00 he would be able to live at 213 Arcadia Drive, Champaign, IL said false statement being material to the issue in question, namely: the reduction of Defendant's bond, which statement the said James Martin Drake did not believe to be true * * *."

At a preliminary hearing on November 4, 1977, Assistant State's Attorney James Schauer testified that he observed the defendant at the bond reduction hearing on October 21, 1977, after having been sworn, sign a bond reduction motion containing the statement that he would be able to live at 213 Arcadia Drive in Champaign if he were released from jail. An investigator for the Champaign County State's Attorney's office, William Freeman, testified that his partner, James Davis, interviewed Oressa Earl and Cassie Henderson, residents at 213 Arcadia Drive, on October 21, 1977. Both Earl and Henderson told Davis that the defendant could not live there.

The defendant testified that he had lived at 213 Arcadia Drive from about "* * * the middle of July into August, maybe three to four weeks,

maybe longer," at the invitation of his fiance, Henderson. Defendant stated that he first learned he could not stay at 213 Arcadia Drive on October 22, 1977, when Henderson told him that Earl did not want him there. According to the defendant, neither Henderson nor Earl made any representations to him concerning his residence at that address prior to October 21. Defendant further stated that he had not inquired as to whether he could live at 213 Arcadia Drive prior to October 21, as he assumed he could because his clothes and personal property were there. Defendant also testified that the charge which was the subject of the bond reduction hearing was the alleged forgery of Earl's name on a check, and that Earl was the owner of the house at 213 Arcadia Drive.

On January 11, 1978, the trial court granted defendant's motion to dismiss the information on the ground that a charge of perjury may not be based upon a representation as to future fact but must be a representation as to an existing or past fact. The State appeals the dismissal of the information.

On appeal, the State contends that a statement of conditional ability to perform a future act may constitute perjury within the scope of section 32—2(a) of the Code.

Section 32—2(a) of the Code provides that "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true." Ill. Rev. Stat. 1977, ch. 38, par. 32—2(a).

■■ ■ One must wilfully, corruptly, and falsely testify to a matter material to the issue or point in question to commit perjury. (*In re Obartuch* (1944), 386 Ill. 323, 332, 54 N.E.2d 470.) An essential element of the crime of perjury is knowledge of the falsity of the statement at the time of the utterance. (*People v. Taylor* (1972), 6 Ill. App. 3d 961, 963, 286 N.E.2d 122.) A conviction for perjury cannot be predicated on a belief even though the belief is unfounded in fact and law. (*People v. Young* (1972), 4 Ill. App. 3d 602, 606, 279 N.E.2d 392.) In addition, an opinion or a conclusion may not be the basis of a perjury charge, even if the underlying premise upon which that opinion or conclusion is based is later proved incorrect or erroneous. (*People v. White* (1974), 59 Ill. 2d 416, 418, 322 N.E.2d 1; *People v. Polk* (1961), 21 Ill. 2d 594, 605, 174 N.E.2d 393.) This general rule, however, that a charge of perjury may not be based upon belief or opinion, is subject to the qualification that such a statement of belief or opinion may constitute perjury when, as a matter of fact, the witness had no such belief or opinion. 60 Am. Jur. 2d *Perjury* §8, at 971 (1972).

In the instant case, the trial court dismissed the information prior to trial for failure to state a cause of action pursuant to section 114—1(a)(8) of the

Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(a)(8)). Relying upon a civil case involving an action for fraud and deceit, the trial judge reasoned that perjury, like fraud, must be based upon a representation of an existing or past fact. The trial judge concluded that defendant's statement of future action could not form the basis of a perjury charge.

■■ ■ The function of an information, complaint, or indictment, however, is to set forth the nature and elements of the charge against a defendant so that he may adequately prepare a defense. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3; *People v. Dickerson* (1975), 61 Ill. 2d 580, 582, 338 N.E.2d 184; *People v. Dillon* (1968), 93 Ill. App. 2d 151, 158, 236 N.E.2d 411.) The information in the instant case adequately satisfies this function. In reviewing a motion to dismiss, we may only examine the information itself. (*People v. Long* (1970), 126 Ill. App. 2d 103, 108, 261 N.E.2d 437, 440.) In the absence of a trial on the perjury charge, we may not characterize defendant's statement as an opinion, conclusion, belief, or one of future action. Whatever characterization defendant's statement may be given, the statement is still subject to the State's ability to prove through trial that it was false and that defendant did not believe it to be true at the time it was made. Although it appears doubtful from the evidence presented at the preliminary hearing that defendant committed perjury, "* * * the merits of a case were never meant to be decided within the vacuum of a motion to dismiss." *People v. Rose* (1976), 44 Ill. App. 3d 333, 338, 357 N.E.2d 1342.

Accordingly, we reverse the decision of the trial court dismissing the information and remand for further proceedings consistent with this opinion.

Reversed and remanded with directions.

GREEN, P. J., and TRAPP, J., concur.