THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HOWARD K. FINK, Defendant-Appellee.

Second District    No. 80-326

Opinion filed April 2, 1981.

REINHARD, J., dissenting.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for appellant.

Carl W. Kuhn and William F. Linkul, both of Glen Ellyn, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County dismissing a complaint charging defendant, Howard K. Fink, with unlawful use of weapons (Ill. Rev. Stat. 1979, ch. 38, par.

24—1(a)(1)). The complaint charged that defendant had "knowingly possessed a bludgeon, commonly referred to as a nitestick [*sic*], which is about 2' long in a 1977 Pontiac bearing Kentucky registration CFX-159 for 1980 within the corporate limits of the Village of Lombard, DuPage County, Illinois." The State contends that the trial court erred in determining that the nightstick was not a bludgeon within the meaning of section 24—1(a)(1) of the Criminal Code of 1961, concluding therefore that the complaint failed to state an offense, and dismissing the charge.

Shortly after the complaint was filed, defendant on April 1 moved to dismiss the charge pursuant to section 114—1(a)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(8)) for failure to state an offense. In reliance on *People v. Tate* (1979), 68 Ill. App. 3d 881, the defendant contended that a nightstick is not a bludgeon within the meaning of the above-cited subsection of the statute. Although the record does not contain a written answer by the State to the defendant's motion nor a transcript of the April 1 proceedings, we believe it is reasonable to assume that the court was confronted at that time with a question of fact; namely, is a nightstick a bludgeon within the meaning of section 24—1(a)(1) of the Criminal Code of 1961? Consequently, the court ordered the object to be produced in court on April 3 and received arguments at that time. We observe that such a procedure is specifically authorized by section 114—1(d) (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(d)). The nightstick was determined to be approximately 23 inches long, between one-half to one-inch in diameter, and to weigh "several ounces." Neither end had been weighted, although the State argued that one end was lighter than the other because it had been carved or knurled so as to provide a gripping surface. Inasmuch as the word bludgeon is not defined by the statute, the court consulted three dictionary definitions. Although they varied somewhat, the dictionaries generally described a bludgeon as being a short, stout, heavy stick or club with one end thicker or heavier than the other, used for a handle or a weapon or to attack or bully. The court determined that the common definition of the word "bludgeon" contemplates that one end of the object be heavier than the other, and therefore ordered the charge dismissed.

The State contends that the trial court's determination was erroneous, inasmuch as the object has both the physical and functional attributes of a bludgeon. The State points out that the carved end of the nightstick thusly has been made lighter than the other end, and points out that there is no use for a nightstick other than as a weapon. The State asserts further that the word bludgeon should be defined with sufficient breadth to include any club-like weapon, and finally the State asserts that the potential or actual use of an instrument is vital to a determination of whether a particular object is a bludgeon. The trial court's determination that the

nightstick was not a bludgeon was based on the fact that it did not conform with the dictionary definitions of a bludgeon because neither end was heavier nor thicker than the other. The State also advances the argument that some dictionaries state only that a bludgeon usually has a heavier end and, as such, it is not an essential characteristic of the weapon.

Two prior Illinois cases have considered whether a particular object may be determined to be a bludgeon within the meaning of section 24—1(a)(1) of the Criminal Code of 1961. In *People v. Collins* (1972), 6 Ill. App. 3d 616, the court affirmed a conviction for the unlawful use of weapons predicated upon the possession of a chain approximately three feet in length which had been looped to form a handle and the two loose ends wrapped together with tape. In the course of its holding, the court noted that the definition of a bludgeon had been broadened in *State v. Witcher* (1959), 58 N.J. Super. 464, 156 A.2d 709, to include any club-like weapon. The court, noting that the taping of the chain had resulted in the instrument becoming stiffer and more inflexible with no apparent use other than that of a weapon, found that the chain could be classified as a bludgeon. *Collins* was later distinguished in *People v. Tate* (1979), 68 Ill. App. 3d 881. The *Tate* court found that karate sticks, two 12-inch wooden sticks connected with a six- to seven-inch chain, did not constitute a bludgeon for purposes of section 24—1(a)(1) of the Criminal Code of 1961. In reliance on *People v. Malik* (1976), 70 Mich. App. 133, 245 N.W. 2d 434, the court concluded that the karate sticks could not be considered a bludgeon where nothing in the record indicated that one end was loaded or thicker or heavier than the other. Unlike the wrapped chain in *Collins*, the karate sticks were determined to have a legitimate sporting use. The *Tate* court, with reference to the *Malik* case, found that the express mention of one thing implies the exclusion of other similar things and cited *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, in support thereof. More precisely, *Nelson* states the rule of construction which provides that words used in a statute are to be given their plain meanings, and that the use by the legislature of certain language in one instance and wholly different language in another indicates that different results were intended. *Nelson*, at 100.

At this point, we wish to note that the standard of review of a judgment dismissing a complaint because it did not state a cause of action requires an examination of the complaint in order to determine whether it complies with section 111—3 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3) which, *inter alia*, requires that the nature and elements of the offense charged be set forth. (*People v. Tuczynski* (1978), 62 Ill. App. 3d 644.) We think it is of some import that the complaint charged possession of a "bludgeon, commonly known as a nitestick [*sic*]"; indeed, the object in question is readily identifiable as a nightstick. Another name for a night-

stick is a "billy" or "billy club." One dictionary shows the term "billy" is derived from the word "bill," meaning a medieval shafted weapon having at its head a hook-like cutting blade with a beak at the back, plus the hypocoristic suffix "y", which is a suffix commonly used in creating endearing pet names and also signals the diminutive or euphemistic use of a term. (The Random House Dictionary of the English Language 148 (unabr. ed. 1967).) There is no doubt the legislature was aware of the nightstick's potential use as a weapon. Section 24—1(a)(2) prohibits, *inter alia*, the carrying or possession of a billy with the intent to use it unlawfully against another. Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(2).

Our reading of the various subsections of section 24—1 causes us to conclude that the legislature did not intend to prohibit the mere possession of a nightstick but, rather, to prohibit such possession when there is an intent to use it unlawfully against another.

This conclusion is an express rejection of the State's urging that the term bludgeon be construed broadly to include any club-like weapon. We believe such a construction would invite undue abuse. Each case must be decided on its own particular facts.

Accordingly, the complaint charging the defendant with possession of a nightstick fails to state a cause of action under section 24—1(a)(1) of the Criminal Code of 1961, and the defendant's motion to dismiss was properly granted by the trial court.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

VAN DEUSEN, J., concurs.

Mr. JUSTICE REINHARD, dissenting:
I dissent on the sole basis that the trial judge's dismissal of the complaint pursuant to defendant's pretrial motion that the complaint did not state a cause of action under section 114—1(a)(8) (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(8)) was based upon his improper consideration of evidentiary matters beyond evaluation of the legal sufficiency of the complaint itself. Curiously, the State acquiesced in this unusual procedure and only contends on appeal that the trial judge was incorrect in his factual determination.

A motion to dismiss the complaint under section 114—1(a)(8) only tests whether the charge itself states an offense. (*People v. Long* (1970), 126 Ill. App. 2d 103, 107, 261 N.E.2d 437.) In reviewing a motion to dismiss under 114—1(a)(8), we may only examine the information itself. (*People v. Drake* (1978), 63 Ill. App. 3d 633, 636, 380 N.E.2d 522; *People v. Long* (1970), 126 Ill. App. 2d 103, 107, 261 N.E.2d 437.) To make that

determination here the trial judge himself examined the alleged bludgeon, considered statements by the lawyers on the length, shape, and weight of the object and consulted several dictionaries. This, however, is the purpose of a trial, and the State should have an opportunity to fully present its proofs to the trier of fact. The merits of a case were never meant to be decided within the vacuum of a motion to dismiss. See *People v. Rose* (1976), 44 Ill. App. 3d 333, 338, 357 N.E.2d 1342.

The authority of the court to dismiss an indictment, information or complaint is limited to the grounds set out in section 114—1 (*People v. Grimm* (1979), 74 Ill. App. 3d 514, 516, 392 N.E.2d 1138), and under its inherent authority where there has been a clear denial of due process. (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) Nevertheless, the majority concluded that section 114—1(d) (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(d)) authorizes the procedure used here. I can find no authority for use of that section in a section 114—1(a)(8) motion which tests the legal sufficiency of a charge. While it does have applicability to other subsections of 114—1 and motions to dismiss on due process grounds pursuant to *Lawson* wherein factual determination must be made (see *People v. Addison* (1966), 75 Ill. App. 2d 358, 361, 220 N.E.2d 511), matters of an evidentiary nature are not properly before the court in determining the legal sufficiency of a complaint.

I, therefore, would reverse and remand this case for a trial on the merits.