THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JIMMY L. GETTINGS, Defendant-Appellant.

Third District   No. 82—443

Opinion filed July 25, 1983.

Clifton J. Mitchell, of Peoria, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Jimmy L. Gettings appeals from his conviction and sentence on three counts of perjury which followed his trial by jury in the circuit court of Tazewell County.

This cause had its origin in defendant's failure to pay sheriff's fees for two small-claims actions. The State's Attorney of Tazewell brought suits to recover amounts of $50 and $38, respectively, plus costs, and judgments were obtained against defendant. Thereafter, the State's Attorney filed a citation to discover assets, and on July 24, 1980, at the hearing pursuant to the citation, defendant stated that he did not own any real estate, that he did not own any vehicles, and that no one owed him any money.

He was later indicted on four counts of perjury, and was tried on the first three counts. The indictment alleged that defendant committed the offense of perjury by stating under oath in a civil proceeding a false statement which he did not believe to be true in that he stated (count I) that he did not own any real estate, (count II) that he did not own a vehicle, and (count III) that no one owed him any money. Defendant was tried before a jury and found guilty on all three counts, but upon appeal, his convictions were set aside and the cause remanded for a new trial because of certain remarks by a witness and by the prosecutor which this court found to be inflammatory and prejudicial. At the conclusion of the first trial, defendant was sentenced to 90 days in jail, which he served, and a fine of $1,000, which he paid, and 30 months' probation, the conditions of which he met until his conviction was reversed. He had served about six months on probation by the time the appellate court mandate was filed.

Prior to the new trial, defendant requested appointment of defense counsel, stating that he could not afford private counsel for the second trial. At first he refused to submit an affidavit and statement of financial condition, but after several weeks, on April 12, 1982, he executed and filed an affidavit indicating that he owned no real estate but that he owed $16,000 on his wife's home. He also stated that he owned two vehicles, that he had $400 to $600 gross income per month from his garage door business, that he had $50 in a bank account and $50 to $100 cash, and that he owed $1,000 to Mastercard and $261 per month on his wife's car. Upon being advised that defendant had transferred title of his house to his wife within the previous 12 months, the trial

court found that defendant was not indigent and did not qualify for appointed counsel. Thereafter, defendant represented himself at his retrial.

After introducing evidence establishing that at the July 24, 1980, hearing on the citation to discover assets, defendant had denied ownership of real property, had denied ownership of any vehicles, and had stated that no one owed him any money, the State presented additional evidence showing that on July 24, 1980, defendant had title to 1.5 acres of land in Peoria County, that he had title to a 1971 Ford pickup truck, and that he had written a letter on July 22 notifying a customer that he had filed liens against the customer's property and that he would be charged 1½% interest per month until the $122.25 judgment and costs were paid.

Defendant presented no evidence in his own behalf although he exercised his peremptory jury challenges, cross-examined several witnesses, and made a competent closing argument to the jury. The jury returned verdicts of guilty on all three counts, and after receiving updated presentencing reports, the trial court sentenced defendant to 90 days in jail with credit for time served, a fine of $2,000, and 30 months' probation with no credit for time previously served while the appeal was pending. Defendant has again appealed from his conviction and sentence.

Defendant first contends that the indictment was insufficient as a matter of law to state an offense because it did not contain an allegation that defendant had knowledge of the falsity of the statements at the time they were made. Defendant relies upon some language from the opinion in *People v. Taylor* (1972), 6 Ill. App. 3d 961, 963, 286 N.E.2d 122, 123, where the court said, "Knowledge of the falsity of the statement *at the time of the utterance* is an essential element of the crime of perjury." (See also *People v. Boyd* (1980), 81 Ill. App. 3d 259, 401 N.E.2d 304.) From this language, defendant argues that the indictment in this case was insufficient because it failed to allege that he had "knowledge" of the falsity of his statement but rather it alleged that he did not believe it to be true. In other words, defendant is arguing that an indictment must include the word "knowledge" in order to charge perjury.

■ We note that this argument is asserted for the first time upon appeal, and therefore, the test is whether the indictment enabled defendant to prepare his defense and would allow defendant to plead this conviction as a bar to a future prosecution arising out of the same conduct. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) Clearly defendant was able to prepare his defense on the basis of the

language of the indictment and furthermore, the indictment was sufficient to preclude any future prosecution arising out of the same conduct.

In addition to that test, we believe the indictment here is sufficient in any event because it charges defendant with the elements of the crime of perjury as set forth in the statute. Section 32—2 of the Criminal Code of 1961 provides:

> "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, *which he does not believe to be true.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 32—2.)

Thus, the statute does not define perjury in terms of "knowledge" of falsity, but rather requires that defendant not believe the statement to be true. The point of the *Taylor* case relied upon by defendant was that the indictment did not charge defendant with knowledge of falsity at the time of the statement but rather improperly used the present tense to indicate only that defendant knew the statement to be false at the time of the indictment.

It has been held that a perjury conviction may not be predicated upon a belief or opinion or conclusion unless the accused in fact held no such belief or opinion or conclusion. (*People v. Drake* (1978), 63 Ill. App. 3d 633, 380 N.E.2d 522.) However the decision does not purport to invalidate a charge drafted in the language of the statute. We conclude that the indictment in the case before us was sufficient to state the offense of perjury.

Next, defendant contends that the trial court erred in failing to instruct the jury that an essential element of the crime of perjury is defendant's knowledge of the falsity of the statements he made. Without objection from defendant, the court gave Illinois Pattern Jury Instruction, Criminal, No. 22.01 (2d ed. 1981), which states:

> "A person commits the offense of perjury when he, under oath or affirmation, makes a false statement and at the time he makes the statement he believes it is not true."

Thus, the court instructed the jury as to the elements of the crime as defined by the statute, and such instruction is not error. *People v. Cesarz* (1969), 44 Ill. 2d 180, 255 N.E.2d 1.

Defendant also contends that the State's evidence did not prove guilt beyond a reasonable doubt because the questions which were the basis for the charge asked for conclusions or belief and because the State did not establish that defendant had knowledge of the falsity of his answers. The questions to which defendant answered "no" were:

"Do you own any real estate?" "Do you own any vehicles?" "Does any-one owe you any money?"

■ We cannot say that these questions asked for conclusions or mere opinion; they were straight forward, factual questions. Considering the evidence establishing that defendant did at that time own real estate and a truck, and that he was actively trying to collect a judgment owed to him, the jury could quite properly infer that defendant believed his answers to be false at the time he gave them. We hold, therefore, that defendant was proved guilty beyond a reasonable doubt.

■ Defendant finally contends that the sentence upon retrial was excessive. He argues that it was not proper to give a harsher sentence, *i.e.*, a larger fine, upon retrial in the absence of any evidence that defendant had engaged in identifiable conduct supported by objective information occurring after the time of the original sentencing. (See *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2071.) The trial court here stated that defendant's financial condition had changed in that he had assets in a bank account which had not been disclosed previously and that defendant had falsified statements to the court as to his indigency when seeking appointed counsel for the retrial.

At the sentencing hearing, the State presented bank statements showing deposits by defendant in excess of $5,000 during the month of April 1982, which was the same month the defendant repeatedly told the court he had no money to employ counsel, and, on April 12, 1982, he executed an affidavit stating that he earned $400 to $600 gross per month. Although defendant claims that he had no opportunity to explain the transactions appearing on his bank statements, the record clearly shows that defendant declined to present any evidence in mitigation at the hearing.

Defendant also argues that the court abused its discretion in imposing sentence since he was a first-time offender, he had a favorable psychological report, he was self-employed, and he had some college education. Considering that defendant showed no remorse and that throughout the legal proceedings involved in the trial and retrial of this case, defendant persisted in misstating his financial condition to the court, we cannot agree that the sentence was excessive. It was well within the proper range of the court's discretion.

Accordingly, we affirm the judgment of conviction and the sentence imposed by the circuit court of Tazewell County.

Affirmed.

STOUDER, P.J., and ALLOY, J., concur.